ORIGINAL

Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON                    1126-0
GLENN T. MELCHINGER  7135-0
American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, Hawai'i 96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
Email: gtm@ahfi.com

Attorneys for Plaintiffs
SPORTS SHINKO CO., LTD., and
SPORTS SHINKO (USA) CO., LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SPORTS SHINKO CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> QK HOTEL, LLC, a Hawai'i limited liability company, <br><br> Defendant. | CIVIL NO. CV 04-00124 ACK/BMK <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS OR HOTEL, LLC AND MILILANI GOLF CLUB LLC'S FIRST REQUEST FOR ADMISSIONS; FIRST REQUEST FOR ANSWERS TO INTERROGATORIES; AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS SPORTS SHINKO CO., LTD. AND SPORTS SHINKO (USA)** |

275674-5/6850-5

EXHIBIT  F

**PLAINTIFFS' RESPONSE TO DEFENDANTS OR
HOTEL, LLC AND MILILANI GOLF CLUB LLC'S
FIRST REQUEST FOR ADMISSIONS; FIRST REQUEST
FOR ANSWERS TO INTERROGATORIES; AND FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS SPORTS
SHINKO CO., LTD. AND SPORTS SHINKO (USA) CO., LTD.,
DATED JANUARY 3, 2005**

Plaintiffs SPORTS SHINKO CO., LTD and SPORTS SHINKO (USA) CO., LTD. ("Plaintiffs"), by and through their attorneys, Alston Hunt Floyd & Ing, hereby respond to Defendants OR Hotel, LLC and Mililani Golf Club LLC's First Request for Admissions; First Request for Answers to Interrogatories; and First Request for Production of Documents to Plaintiffs Sports Shinko Co., Ltd. And Sports Shinko (USA) Co., Ltd. as follows:

**GENERAL OBJECTIONS**

1.  Plaintiffs object to the Admissions and Interrogatories to the extent they seek information protected by the attorney-client privilege, the work product doctrine and any other applicable privilege or doctrine, and no such information will be provided. By responding to the Admissions and Interrogatories, Plaintiffs do not waive, intentionally or otherwise, their attorney-client privilege, work product doctrine protection, or any

other privilege or doctrine protecting its communications, transactions or records from disclosure and, therefore, provision of information inconsistent with the foregoing is wholly by mistake and not a waiver of any such privilege or protection.

      2.    Plaintiffs object to Defendants' definitions and instructions to the extent they attempt to impose obligations which exceed the requirements of the Federal Rules of Civil Procedure and other applicable laws.

      3.    The Responses to the Admissions and Interrogatories are made without in any way waiving, but rather, intending to preserve and preserving:

      (a)    All objections of Plaintiffs as to competency, relevancy, materiality and admissibility of the responses to the Admissions and Interrogatories or the subject matter thereof;

      (b)    All rights of Plaintiffs to object on any grounds to the use of any of said responses, or the subject matter thereof, in any subsequent proceedings, including trials; and

      (c)    All rights of Plaintiff to object on any grounds to any requests for further responses to these or any other

Admissions and Interrogatories, or any other discovery requests involving or related to the subject matter of these Admissions and Interrogatories.

4.  Plaintiffs object to each of the Instructions, Definitions and Admissions and Interrogatories to the extent that any or all of them purport to request information outside the possession, custody or control of Plaintiffs on the grounds that they are overly broad and unduly burdensome and seek information that is outside the possession, custody or control of Plaintiffs.

5.  Each of the specific responses set forth below is subject to and incorporates these general objections.

## ADMISSIONS

1.  *Admit that continuously between December 1, 2001 and January 25, 2002, Toshio Kinoshita was the President of SS-Japan.*

**Objection**: Plaintiffs are corporations now under new management and, despite inquiries, they have no capacity or personal knowledge to admit whether Mr. Kinoshita "continuously" acted as an officer of SS-Japan prior to the new management's arrival. Calls for speculation. Any admission is subject to further discovery. Subject to these objections and limitations, based on present information:

Admit: _____X_____   Deny: _____

2. *Admit that continuously between December 1, 2001 and January 25, 2002, Toshio Kinoshita was the President of SS-USA.*

**Objection**: Same objections and limitations as Request No. 1.

Admit: \_\_\_\_\_X_____   Deny: _____

3. *Admit that continuously between December 1, 2001 and January 25, 2002, Toshio Kinoshita was the President of SS-Hawaii.*

**Objection**: Same objections and limitations as Request No. 1.

Admit: _____X_____   Deny: _____

4. *Admit that continuously between December 1, 2001 and January 25, 2002, Toshio Kinoshita was the President of SS-Waikiki.*

**Objection**: Same objections and limitations as Request No. 1.

Admit: \_\_\_\_\_X_____   Deny: _____

5. *Admit that continuously between December 1, 2001 and January 25, 2002, Toshio Kinoshita was the President of SS-Pukalani.*

**Objection**: Same objections and limitations as Request No. 1.

Admit: \_\_\_\_\_X_____   Deny: _____

      6.   *Admit that continuously between December 1, 2001 and January 25, 2002, Toshio Kinoshita was the President of SS-Mililani.*

**Objection**: Same objections and limitations as Request No. 1.

Admit: \_\_\_\_\_X_____   Deny: _____

      7.   *Admit that continuously between December 1, 2001 and January 25, 2002, Toshio Kinoshita was the President of SS-Kauai.*

**Objection**: Same objections and limitations as Request No. 1.

Admit: \_\_\_\_\_X_____   Deny: _____

      8.   *Admit that continuously between December 1, 2001 and January 25, 2002, Satoshi Kinoshita was a director of SS-Japan.*

**Objection**: Same objections and limitations as Request No. 1.

Admit: _____   Deny: \_\_\_\_\_X_____

      9.   *Admit that continuously between December 1, 2001 and January 25, 2002, Satoshi Kinoshita was an officer of SS-Japan.*

**Objection**: Same objections and limitations as Request No. 1.

Admit: \_\_\_\_\_X_____   Deny: _____

  18. *Admit that continuously between December 1, 2001 and January 25, 2002, Satoshi Kinoshita was vice president of SS-Kauai.*

**Objection**: Same objections and limitations as Request No. 1.

Admit: _____X_____  Deny: _____

  19. *Admit that continuously between December 1, 2001 and December 31, 2004, SS-Hawaii has owned 100% of the Stock of SS-Waikiki.*

**Objection**: Plaintiffs are corporations now under new management and, despite inquiries, they have no capacity or personal knowledge sufficient to permit them to admit whether a non-party subsidiary under the control of former management "continuously" held another's stock, especially given the destruction of documents of unknown content. Calls for speculation. Any admission is subject to further discovery. Subject to these objections and limitations, based upon present information:

Admit: _____  Deny: _____X_____

  20. *Admit that continuously between December 1, 2001 and December 31, 2004, SS-Hawaii has owned 100% of the Stock of SS-Pukalani.*

**Objection**: Same objections and limitations as Request No. 19.

Admit: _____X_____  Deny: _____

275674-5/6850-5          11

21. *Admit that continuously between December 1, 2001 and December 31, 2004, SS-Hawaii has owned 100% of the Stock of SS-Mililani.*

**Objection**: Same objections and limitations as Request No. 19.

Admit: _____X_____      Deny: _____

22. *Admit that continuously between December 1, 2001 and December 31, 2004, SS-Hawaii has owned 100% of the Stock of SS-Kauai.*

**Objection**: Same objections and limitations as Request No. 19.

Admit: _____X_____      Deny: _____

23. *Admit that continuously between December 1, 2001 and December 31, 2004, SS-Hawaii has owned 100% of the Stock of Sports Shinko Resort Hotel Corp.*

**Objection**: Same objections and limitations as Request No. 19.

Admit: _____X_____      Deny: _____

24. *Admit that continuously between December 1, 2001 and December 31, 2004, SS-USA has owned 100% of the Stock of SS-Hawaii.*

**Objection**: Same objections and limitations as Request No. 19.

Admit: _____X_____      Deny: _____

25. *Admit that continuously between December 1, 2001 and January 15, 2002, SS-Japan owned 100% of the Stock of SS-USA.*

**Objection**: Same objections and limitations as Request No. 19.

Admit: _____   Deny: _____X_____

Subject to the foregoing objections, Plaintiffs admit that prior to January 15, 2002, SS-Japan owned approximately 89% of the stock of SS-USA during this period.

26. *Admit that continuously between February 20, 2004 and December 31, 2004, SS-Japan has owned 89% of the Stock of SS-USA.*

**Objection**:  Same objections and limitations as Request No. 19. Also, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Admit: _____   Deny: _____X_____

Subject to the foregoing objections, Plaintiffs admit that prior to April 20, 2004, SS-Japan owned 89% of the stock of SS-USA, but do not know for certain if the ownership was "continuous." On or about April 20, 2004, South Wind Realty Finance Cayman Company obtained 100% of the stock of SS-USA.

27. *Admit that continuously between December 1, 2001 and December 31, 2004, SS-USA has Controlled the Affairs of each of the SS Hawaii Subsidiaries except Pukalani STP Co., Ltd. and Sure Transportation, Inc.*

**Objection**: KG's definition of "Controlled the Affairs" is so vague and misleading that Plaintiffs cannot know what they would be admitting. Specifically, KG defines "control" as the "power to control" whether that power was exercised or not. Also, the scope

31. *Admit that except for the transfer of the OR Hotel, the transfer of the QK Hotel, and the transfer of all lands at Pukalani described in paragraph 1.1.1(a)(v) of the PSA [SIC], the Transactions Contemplated by the PSA were completed on January 25, 2002.*

**Objection**: Vague and ambiguous such that Plaintiffs cannot know what they would be admitting. Plaintiffs object to the definition of the "Transactions contemplated by the PSA" [SIC] as a single "transfer." Also, there is no section 1.1.1(a)(v) in the PSA. Plaintiffs assume Defendants mean section 1.1(a)(v).

Admit: _____     Deny: _____X_____

Subject to the foregoing objections, Plaintiffs admit the escrows for the transfers under the January 15, 2002 Purchase and Sale Agreement, other than the OR Hotel and QK Hotel, closed on or around January 25, 2002. Plaintiffs admit that certain Maui real property was not transferred on that date, due to errors in the property descriptions provided by the title company that were used to create the deeds. In addition, the Cartwright Apartments (TMK No. (1) 2-6-27-30) were apparently deeded on April 15, 2002 to QK Hotel LLC.

32. *Admit that the OR Hotel was purportedly transferred by SS-Waikiki to OR Hotel, LLC on February 1, 2002, and that as of December 31, 2004, SS-Waikiki has not provided consent of the lessor of OR Hotel to the transfer.*

**Objection**: Vague and ambiguous such that Plaintiffs cannot know what they would be admitting (*e.g.*, "purportedly" and "provided"). The Request is misleading as to the SS Hawaii Subsidiaries' legal duties to the extent that "provided consent" implies that SS-Waikiki has some duty, power, or obligation to obtain consent of the "lessor" beyond any duty in the PSA, including Section 7.3.

Admit: _____     Deny: _____X_____

Subject to the foregoing objections, Plaintiffs understand from KG that the ground lessor for the OR Hotel has not consented to the transfer of the OR Hotel. Plaintiffs understand that Defendants have, nevertheless, been in possession of, and have been operating the OR Hotel since approximately February, 2002, and have been receiving the income from, and benefits of, that property.

33. *Admit that Keijiro Kimura approved of the transfer of the OR Hotel from SS-Waikiki to OR Hotel, LLC.*

**Objection**: Vague and ambiguous (*e.g.*, specifies no act, document, etc.) such that Plaintiffs cannot know exactly what they would be admitting. Request is improper to the extent it seeks the mental state, impressions, or knowledge of Keijiro Kimura at the time. Plaintiffs lack capacity to admit or deny. Misrepresents and misstates facts. On this basis, the request is denied.

Admit: _____   Deny: _____X_____

34. *Admit that the ownership of all of the Stock of Pukalani Sewage was transferred from SS-Hawaii to Pukalani Golf Club, LLC on January 25, 2002.*

Admit: \_\_\_\_X_____   Deny: _____

35. *Admit that the ownership of all of the Stock of Sure Transportation, Inc. was transferred from SS-Mililani to Mililani Golf Club, LLC on January 25, 2002.*

Admit: \_\_\_\_X_____   Deny: _____

15. *Identify each and every owner of Stock of SS-USA as of February 20, 2004.*

**Objection**: Irrelevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Plaintiffs answer as follows:

**ANSWER**:

Sports Shinko Co., Ltd.
Takamatsu Sports Shinko Country Co., Ltd.
Inagawakokusai Co., Ltd.
Amagase Onsen Country Co., Ltd
Suifu Kanko Co., Ltd.
Misaki Country Co., Ltd.
Suho Country Co., Ltd.
Tsuyama Sports Shinko Country Co., Ltd.
Boushuu Kaihatsu Co., Ltd.
Sanyo Kosan Co., Ltd.
Kinoshita Kensetsu Co., Ltd.
Higashinasu Country Club Co., Ltd.
Uresino Kanko Kaihatsu Co., Ltd.
Izumisano Country Co., Ltd.

16. *State when SS-Japan learned its creditors would commence Involuntary Insolvency Proceedings.*

**Objection**: Vague and ambiguous. Plaintiffs lack capacity to respond; calls for speculation as to former management's personal knowledge. Unduly burdensome, seeks privileged communications and attorney work product. Subject to ongoing discovery. Without waiving these objections, Plaintiffs respond as follows:

**ANSWER**:

## VERIFICATION

JAPAN           )
                ) SS:
OSAKA           )

_Michihiro Chikubu_, being first duly sworn on oath, deposes and says:

That he is the _President_ of SPORTS SHINKO CO., LTD. and that he is an agent of SPORTS SHINKO CO., LTD. for the purpose of answering the foregoing *requests for answers to interrogatories* and for making this verification, and the foregoing answers are true according to his knowledge, information, and belief.

SPORTS SHINKO CO., LTD.

By _[signature]_
Its _President_

# VERIFICATION

JAPAN            )
                 ) SS:
OSAKA            )

_Yoshihiko Machida_, being first duly sworn on oath, deposes and says:

That he is the _President_ of SPORTS SHINKO (USA) CO., LTD. and that he is an agent of SPORTS SHINKO (USA) CO., LTD. for the purpose of answering the foregoing *requests for answers to interrogatories* and for making this verification, and the foregoing answers are true according to his knowledge, information, and belief.

SPORTS SHINKO (USA) CO., LTD.

By _____
Its President

275674-4/6850-5