IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SPORTS SHINKO CO., LTD., a Japanese corporation, <br><br> Plaintiff, <br><br> vs. <br><br> QK HOTEL, LLC, a Hawai`i limited liability company, et al., <br><br> Defendants, <br><br> and <br><br> FRANKLIN K. MUKAI, <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> SPORTS SHINKO (USA) CO.; LTD., a Delaware corporation, et al., <br> Third-Party Defendants. | CIVIL NO. CV 04-00124 ACK/BMK <br><br> CONSOLIDATED CASES <br><br> **DECLARATION OF** <br> **GLENN T. MELCHINGER** |
| SPORTS SHINKO (USA) CO., LTD., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> PUKALANI GOLF CLUB, LLC, a Hawai`i limited liability company, et al., <br><br> Defendants, <br><br> and <br><br> FRANKLIN K. MUKAI, | CIVIL NO. CV 04-00125 ACK/BMK |

```
              Third-Party            )
              Plaintiff,             )
                                     )
     vs.                             )
                                     )
SPORTS SHINKO CO., LTD.,             )
a Japan corporation, et al.,         )
                                     )
              Third-Party            )
              Defendants.            )
_____)
                                     )
SPORTS SHINKO (USA) CO., LTD, a      )   CIVIL NO. CV 04-00126
Delaware corporation,                )           ACK/BMK
                                     )
              Plaintiff,             )
                                     )
     vs.                             )
                                     )
KIAHUNA GOLF CLUB, LLC,              )
a Hawaiʻi limited liability          )
company, et al.,                     )
                                     )
              Defendants,            )
                                     )
     and                             )
                                     )
FRANKLIN K. MUKAI,                   )
                                     )
              Third-Party            )
Plaintiff,                           )
                                     )
     vs.                             )
                                     )
SPORTS SHINKO CO., LTD.,             )
a Japan corporation, et al.,         )
                                     )
              Third-Party            )
              Defendants.            )
_____)
                                     )
SPORTS SHINKO CO., LTD., a           )   CIVIL NO. CV 04-00127
Japanese corporation,                )           ACK/BMK
                                     )
              Plaintiff,             )
                                     )
     vs.                             )
                                     )
```

```
OR HOTEL, LLC, a Hawai`i        )
limited liability company,      )
et al.,                         )
                                )
        Defendants,             )
                                )
    and                         )
                                )
FRANKLIN K. MUKAI,              )
                                )
        Third-Party             )
        Plaintiff,              )
                                )
    vs.                         )
                                )
SPORTS SHINKO (USA) CO., LTD.,  )
a Delaware corporation, et al., )
                                )
        Third-Party             )
        Defendants.             )
_____)

SPORTS SHINKO (USA) CO., LTD.,  )   CIVIL NO. CV 04-00128
a Delaware corporation,         )            ACK/BMK
                                )
        Plaintiff,              )
                                )
    vs.                         )
                                )
MILILANI GOLF CLUB, LLC,        )
a Hawai`i limited liability     )
company, et al.,                )
                                )
        Defendants,             )
                                )
    and                         )
                                )
FRANKLIN K. MUKAI,              )
                                )
        Third-Party             )
        Plaintiff,              )
                                )
    vs.                         )
                                )
SPORTS SHINKO CO., LTD.,        )
a Japan corporation, et al.,    )
                                )
        Third-Party             )
```

-3-

-4-

      Defendants.           )
_____)

Case 1:04-cv-00128-ACK-BMK    Document 103-4    Filed 02/21/2006    Page 4 of 7

**DECLARATION OF GLENN T. MELCHINGER**

Pursuant to 28 U.S.C. § 1746, I declare that:

1. I am an attorney with the law firm of Alston Hunt Floyd & Ing, counsel for Plaintiff and Third-Party Defendants, SPORTS SHINKO CO., LTD.; SPORTS SHINKO (HAWAII) CO., LTD.; SPORTS SHINKO (MILILANI) CO.; SPORTS SHINKO (KAUAI) CO., LTD.; SPORTS SHINKO (PUKALANI) CO., LTD.; SPORTS SHINKO RESORT HOTEL CORPORATION; SPORTS SHINKO (WAIKIKI) CORPORATION; and OCEAN RESORT HOTEL CORPORATION (the "SS Entities").

2. I make this declaration based on my personal knowledge and am competent to testify as to the matters set forth herein.

3. In August, 2002, Sports Shinko Co., Ltd. ("SS-Japan"), through Deputy Trustee Keijiro Kimura, demanded that all SS files held by Mr. Franklin Mukai's firm, McCorriston Miller Mukai MacKinnon (the "Mukai Firm"), be delivered to successor counsel, Alston Hunt Floyd & Ing.

4. Due to Mr. Mukai's firm's initial limited response, in March, 2003, SS-Japan subpoenaed its own files and documents from the Mukai firm within a proceeding ancillary to the reorganization proceedings filed in the Osaka District Court in Japan for SS-Japan, pursuant to 11 U.S.C. § 304, filed in the U.S. Bankruptcy Court for the District of Hawai`i ("Section 304 Proceeding").

5. The Mukai Firm filed an objection to delivering the documents under the subpoena. On behalf of SS-Japan, the

Trustee, through our law office, filed two motions to compel compliance with the subpoena. Mr. Mukai's firm eventually delivered the bulk of SS's documents into the possession of my law firm, Alston Hunt Floyd & Ing, by the end of 2003.

6. The Trustee for SS-Japan discovered evidence of other documents that had not been produced by Mr. Mukai's firm. On October 5, 2005, in the consolidated suits, Plaintiffs again demanded production from Mr. Mukai of all other documents that might be relevant, especially electronic documents.

7. Mukai's counsel has only recently (February 16, 2006) agreed to produce over two additional boxes of documents that were previously withheld. Plaintiffs have not yet received copies of these documents. Mukai has not produced, and apparently will not produce documents in electronic form, as requested, according to Mr. Mukai's counsel.

8. Plaintiffs are also still attempting to recover electronic documents, including emails to and from Satoshi Kinoshita that were on Sports Shinko's email servers, which the KG Defendants assumed control of. Satoshi Kinoshita's counsel, John Komeiji, has not yet reviewed or produced certain documents delivered to his attorney for privilege review for some seven months ago by the KG Defendants, on or about July 15, 2005. Mr. Komeiji has not responded to inquiries regarding when he will complete a privilege review of these electronic documents. The Sports Shinko entities were also parties to litigation in the Hawai`i State Courts against Satoshi Kinoshita and is attempting

to obtain further electronic documents from Satoshi Kinoshita's home hard drive. Satoshi Kinoshita testified under oath in a deposition that I took that he could have relevant files on his hard drive.

9. Plaintiffs believe these additional documents may contain further electronic evidence, such as Exhibit "K-C", or Ex. "17" attached to the Declaration of David Klausner, attached to Plaintiff's Concise Statement of Fact filed today in support of this Memorandum in Opposition, which relate to the fraudulent intent of the Kinoshita family, and communications with the KG Defendants and Defendant Mukai about the subject transfers.

*I declare under penalty of perjury that the foregoing is true and correct.*

Executed in Honolulu, Hawai'i on February 17, 2006.

                                            _____
                                            GLENN T. MELCHINGER