7/15/2002

Douglas A. Pothul
Senior Vice President
Colliers Monroe Friedlander
220 S. King St., Suite 1800
Honolulu, HI 96813
Phone: 808-524-2666  Fax: 808-521-0977

RE: leasehold Interest-315 room hotel
    Queen Kapiolani Hotel
    150 Kapahulu Avenue, Honolulu, HI

Dear Doug

The following is an outline of the terms upon which _____ Inc. or its assignee (collectively " _____ " or the "Purchaser") would be willing to purchase the following:

> The real property located at 150 Kapahulu Avenue, Honolulu, HI, commonly known as the Queen Kapiolani, together with all improvements thereon, including without limitation a hotel building consisting of no less than 315 guest rooms and all related improvements, furniture, furnishings, fixtures and equipment, consumable supplies, leases, advance booking and other contract rights, (including without limitation all franchise and operating agreements), all licenses and permits (including liquor licenses) and all intangible and tangible property (including without limitation trade names and goodwill) related to the hotel or its operation collectively termed the "Property"), from Sport Shinko (the "Seller").

1. Purchaser _____ , Inc., a California corporation, or a limited partnership of which _____ is general partner, or its assignee.

2. Purchase
   Price:  The purchase price shall be US $4,000,000 all cash. Upon receipt by _____ of a signed copy of this letter agreement, Purchaser will deposit

EXHIBIT 14

Douglas A. Pothul
7/15/2002

        into escrow US$ 250,000. This deposit would be credited towards the price upon close of escrow, or would be retained by Seller as a nonrefundable fee if Purchaser fails after completion and approval of its due diligence to acquire the asset in accordance with the terms of this letter agreement and the Purchase Agreement described below, for any reason other than default of Seller or a failure of any of the other conditions to closing. If escrow fails to close other than by reason of Purchaser's default, the deposit and any interest thereon not previously paid over to Purchaser shall thereupon be returned to Purchaser, and all documents and other funds which may have been deposited into escrow shall be returned to the party which deposited them, and Seller and Purchaser shall thereupon have no further obligation to each other.

3. Due
   Diligence: Within five (5) working days after receipt of a copy of this letter agreement executed by Seller, Seller shall provide to Purchaser all documentation and information with respect to the Property and its operation requested by Purchaser, and within twenty (20) working days after receipt of all such information Purchaser shall complete its due diligence and advise Seller in writing, by facsimile or other form of delivery, of Purchaser's approval or disapproval upon its due diligence review.

4. Close of
   Escrow: The close of escrow shall take place within ten (10) working days after the delivery by Purchaser and Seller of a mutually acceptable Purchase Agreement, the completion of the due diligence period and the completion of the other conditions to close listed below. Except as otherwise provided in Paragraph 2 above, if escrow does not close within such time for any reason, escrow shall thereupon be canceled and the escrow holder shall return to each party all documents, funds and things deposited by or on behalf of such party into Escrow without further direction of the Parties signed by either Party.

5. Other
   Conditions
   to Closing: (1) The parties shall negotiate, execute and deliver to each other mutually acceptable documentation, including a Purchase Agreement which shall contain, among other items, customary representations and warranties and shall be conditioned upon receipt by Purchaser of an ALTA extended coverage owner's policy with such endorsements as may be required by Purchaser to insure title to Purchaser's satisfaction.

   (2) Closing and related costs shall be paid one-half each by Purchaser and Seller through escrow at closing. All taxes, assessments and charges

Douglas A. Pothul
7/15/2002

which could or do constitute a lien or burden on the Property shall be prorated through escrow. Purchaser and Seller shall each absorb all its other costs and expenses relating to this transaction or the Property, including without limitation all legal fees and costs.

(3) Colliers Monroe Friedlander shall be the sole broker in the transaction and shall be paid by the seller.

(4) _____ Inc., a California corporation, or a limited partnership of which _____ is general partner, or its assignee shall acquire the <u>fee and leasehold interest</u> in the Ocean Resort Hotel (451 rooms) containing the following TMK numbers: 2-6-027-050, 080, and 007.

(5) Purchaser shall secure an acquisition loan for no less than 60% of the combined purchase price. Purchaser shall have sixty (60) calendar days to secure the loan.

6. Negotiation period:   In consideration of this agreement, and of the agreement by Purchaser to go forward with its due diligence review, Seller agrees: (i) that during the time provided for close of escrow as set out in Paragraph 4, above, of this letter agreement, Seller will negotiate with no person or entity other than Purchaser for the sale or transfer of any interest in the Property, nor will Seller accept or respond to any offers for any such sale or transfer; and (ii) at all times during such period Seller shall continue to operate the Property in accordance with good business practice and consistent with its current operating procedures and practices.

This letter is intended to constitute a binding and enforceable agreement between Seller and _____, subject to its terms and conditions. Accordingly, the terms of Paragraphs 2 and 4 above shall be subject to the proviso, that if escrow does not close within the required time (i) by reason of Purchaser's default, Seller as its sole and adequate remedy shall retain any funds then on deposit as liquidated damages, or (ii) by reason of Seller's default, then Paragraph 4 shall apply only at Purchaser's written election. By initialing this letter in the spaces provided below, Seller and Purchaser expressly agree to the terms set out in this paragraph.

_____          _____
Purchaser                  Seller

If the foregoing correctly states the Seller's understanding of the terms on which we will proceed, please have the Seller date and countersign this letter and fax it back to me at Facsimile No. _____, evidencing the agreement by Seller to the terms and provisions set out in this letter. Unless an executed copy of this letter is received within three (3) working days of the date of this letter set out above, this letter shall be

Douglas A. Pothul
7/15/2002

withdrawn without further act or notice.

Sincerely,

Executive Vice President
Director of Real Estate Acquisitions
         Inc.

AGREED AND ACCEPTED this ___ day of _____, 2002.

Seller:

By:_____    By:_____
        [Signature]                                  [Signature]

Name:_____    Name:_____
    [Type or Print]                             [Type or Print]

Title:_____    Title:_____
    [Type or Print]                             [Type or Print]

file: queen kapiolani-leasehold