FINAL SELLER STATEMENT FOR ITEM A

```
KO (MILILANI) CO., LTD.              ESCROW NO: A2-101-0298
T HOTEL WAIKIKI                      RPT DATE : 1/28/2002
ANI ST, STE 300                      CLOSE DT : 1/25/2002
   96815                             PROPERTY :
                                     TMK       -(2)2/3/061/116  CPR:
                                     ADDRESS


ESCROW SERVICES, INC.                CONTRACT DATE  :  1/15/2002

T
  96813

ULO
---------------------------------------------------------------------------
                                     DEBITS/CHARGES          CREDITS
---------------------------------------------------------------------------

price                                                   13,000,010.00


ortgage-BOH                          10,620,597.17
*                                       500,000.00
**                                      500,000.00
***                                     500,000.00
s of 1/25/2002
   01/01/02 to 01/25/02 @      30.00/6M          4.00
   01/01/02 to 01/25/02 @   2,912.64/6M        388.35
   01/01/02 to 01/25/02 @  11,254.28/6M      1,500.57
   01/01/02 to 01/25/02 @     396.61/6M         52.88
   01/01/02 to 01/25/02 @   1,980.13/6M        264.02
   01/01/02 to 01/25/02 @   1,763.21/6M        235.09
   01/01/02 to 01/25/02 @     935.71/6M        124.76
   01/01/02 to 01/25/02 @   1,262.08/6M        168.28
   01/01/02 to 01/25/02 @   2,196.07/6M        292.81
   01/01/02 to 01/25/02 @      29.99/6M          4.00
   01/01/02 to 01/25/02 @   7,562.22/6M      1,008.30
   01/01/02 to 01/25/02 @  54,479.32/6M      7,263.91
   01/01/02 to 01/25/02 @   1,385.19/6M        184.69
   01/01/02 to 01/25/02 @  30,790.16/6M      4,105.35
   01/01/02 to 01/25/02 @   5,485.78/6M        731.44
   01/01/02 to 01/25/02 @     102.66/6M         13.69
   01/01/02 to 01/25/02 @   8,376.02/6M      1,116.80
   01/01/02 to 01/25/02 @  24,814.26/6M      3,308.57
   01/01/02 to 01/25/02 @  14,275.92/6M      1,903.45
   01/01/02 to 01/25/02 @   8,158.42/6M      1,087.79
   01/01/02 to 01/25/02 @   5,966.88/6M        795.58
   01/01/02 to 01/25/02 @  11,499.66/6M      1,533.29
   01/01/02 to 01/25/02 @     108.31/6M         14.44
EST 01/25/02 to 02/01/02 @  33,618.88/1M                     6,723.78
  TITLE GUARANTY OF HAWAII                   1,100.00
  GRANT THOMPSON LLP                        47,000.00
  MCCORRISTON MILLER MUKAI                 315,000.00
  TORKILDSON KATZ FONSECA JAFFE              8,000.00
EST to BANK OF HAWAII                       33,618.88
TERE                      33,618.88
TITLE GUARANTY ESCROW                        8,802.03

COLLIERS MONROE FRIEDLANDER                312,498.00
                                               513.00
g fee                                       12,400.00
                                            21,102.64
ue Seller                                  100,000.00
ue Seller                                                232 0524


                                        13,006,733.78    13,006,733.78
```

ONTINUED - THE 2ND PAGE ATTACHED HERETO IS A PART HEREOF.   DATED: 1/28/2002

EXHIBIT 27

The undersigned read and understands the Controlled Business Arrangement
Disclosure Statement from Title Guaranty Escrow Services, Inc.

---

```
NAME OF BUYER(S)                        NAME OF ADDITIONAL SELLER(S)
MILILANI GOLF CLUB, LLC                 SPORTS SHINKO (KAUAI) CO., LTD.
                                        OCEAN RESORT HOTEL WAIKIKI
                                        175 PAOAKALANI ST, STE 300
                                        HONOLULU HI 96815

PUKALANI GOLF CLUB, LLC.                SPORTS SHINKO (PUKALANI) CO., LTD.
                                        OCEAN RESORT HOTEL WAIKIKI
                                        175 PAOAKALANI ST, STE 300
                                        HONOLULU HI 96815

KG MAUI DEVELOPMENT, LLC.               PUKALANI STP CO., LTD.
                                        OCEAN RESORT HOTEL WAIKIKI
                                        175 PAOAKALANI ST, STE 300
                                        HONOLULU HI 96815

KG KAUAI DEVELOPMENT
```

---

```
      LIST OF ADDITIONAL PROPERTY(S)
PROPERTY :
TMK      : (2)2/3/057/123
ADDRESS  :
PROPERTY :
TMK      : (1)9/5/001/035
ADDRESS  :
PROPERTY :
TMK      : (1)9/5/001/076
ADDRESS  :
PROPERTY :
         : (2)2/3/008/005
ADDRESS  :
PROPERTY :
TMK      : (2)2/3/008/036
ADDRESS  :
PROPERTY :
TMK      : (2)2/3/009/039
ADDRESS  :
PROPERTY :
TMK      : (2)2/3/055/068
ADDRESS  :
PROPERTY :
TMK      : (2)2/3/055/069
ADDRESS  :
PROPERTY :
TMK      : (2)2/3/048/125
ADDRESS  :
PROPERTY :
TMK      : (2)2/3/049/088
ADDRESS  :
PROPERTY :
TMK      : (2)2/3/057/124
ADDRESS  :
PROPERTY :
TMK      : (2)2/3/056/097
ADDRESS  :
PROPERTY :
TMK      : (2)2/3/056/098
ADDRESS  :
PROPERTY :
         : (2)2/3/056/095
ADDRESS  :
PROPERTY :
TMK      : (2)2/3/056/096
ADDRESS  :
PROPERTY :
```

232 0525

STATEMENT IS CONTINUED - THE 3RD PAGE ATTACHED HERETO IS A PART HEREOF.    DATED: 1/28/2002

```
TMK        :  (2)2/3/057/121
ADDRESS    :
PROPERTY   :
           :  (2)2/3/057/138
ADDRESS    :
PROPERTY   :
TMK        :  (2)2/3/009/040
ADDRESS    :
PROPERTY   :
TMK        :  (2)2/3/061/114
ADDRESS    :
PROPERTY   :
TMK        :  (2)2/3/047/126
ADDRESS    :
PROPERTY   :
TMK        :  (4)2/8/014/007
ADDRESS    :
PROPERTY   :
TMK        :  (4)2/8/014/008
ADDRESS    :
PROPERTY   :
TMK        :  (4)2/8/014/028
ADDRESS    :
PROPERTY   :
TMK        :  (4)2/8/014/031
ADDRESS    :
PROPERTY   :
TMK        :  (4)2/8/014/032
ADDRESS    :
PROPERTY   :
TMK        :  (4)2/8/014/033
ADDRESS    :
PROPERTY   :
           :  (4)2/8/014/034
ADDRESS    :
PROPERTY   :
TMK        :  (4)2/8/014/035
ADDRESS    :
PROPERTY   :
TMK        :  (4)2/8/014/036
ADDRESS    :
PROPERTY   :
TMK        :  (4)2/8/015/077
ADDRESS    :
```
------------------------------------------------------------

*Promissory Note of $500,000.00 to Mililani Golf Club, LLC
**Promissory Note of $500,000.00 to Pukalani Golf Club, LLC
***Promissory Note of $500,000.00 to Kiahuna Golf Club, LLC

RETAIN THIS STATEMENT for possible income tax purposes.

232 0526

STATEMENT IS CONTINUED - THE 4TH PAGE ATTACHED HERETO IS A PART HEREOF.   DATED: 1/28/2002

## ESCROW INSTRUCTIONS and GENERAL PROVISIONS OF ESCROW TRANSACTION

To: Title Guaranty Escrow Services

The Parties agree to the sale and purchase or exchange of property described in the contract which has been received by escrow.

You will collect and hold all documents and funds as shall be appropriate and necessary to close this escrow as provided in said Contract and these Instructions. If the Parties have not delivered to you all appropriate and necessary documents, you are authorized to have them drawn for execution. You are authorized to deliver or record, or both, as appropriate, said documents and to thereafter apply and disburse the funds coming into your hands pursuant to said Contract, these Instructions and the closing statement, when you have obtained said documents and funds and can obtain Title Insurance or Title Reports as designated in the closing statement with coverage equal to the total consideration and showing record title to said property vested in the Buyer subject only to: real property taxes and assessments not delinquent; covenants, conditions, restrictions, rights, rights of way, easements and reservations now of record or in the instrument(s) to be recorded; and such other encumbrances, if any, as may be specified in said Contract, or accepted by the affected Party.

### TENTATIVE CLOSING STATEMENTS ONLY

The Tentative Closing Statement is based upon a proration of charges as of a specified date and the understanding that all necessary payments will have been kept current to that date by the Parties. If the proration date changes or the necessary payments have not been kept current, you are authorized to close this escrow and, in connection with the closing, to make all necessary payments and adjust all prorations to the date of closing, unless another date has been otherwise specifically agreed upon by the Parties.

### GENERAL PROVISIONS OF ESCROW TRANSACTION

1. Time is of the essence in this transaction. Any Party, not being in default, shall have all remedies available in law or in equity against any other Party for such other Party's default. If this escrow is not in condition to close as and when provided hereunder, or at the time of any extensions made pursuant to the Contract, any Party may, in writing, demand the delivery of any money, property or documents deposited with Escrow by that party. Escrow shall mail a copy of such demand to the other Party. Unless Escrow shall consider itself unable to comply with the demand, or the other Party shall object to the demand in writing within fifteen (15) days of the mailing by Escrow, Escrow shall comply with the demand. If the agreed upon closing date has passed, and Escrow has not received a written demand as provided above, Escrow shall continue to process this transaction and promptly close.
2. Funds received in this escrow may be deposited with other escrow funds in any Hawaii financial institution. No interest or dividends earned on such funds will be paid to a party to the escrow unless Escrow is specifically instructed to the contrary. The Parties acknowledge that federal law and regulations limit the amount of insurance on insured deposit accounts to $100,000 per depositor. Escrow may have other deposit accounts in the financial institution in which the funds for this escrow are deposited. The cumulative effect of other accounts of Escrow may limit the amount of insurance available for the funds deposited in this escrow. The Parties agree that Escrow has no liability in the event of failure, insolvency or inability of a financial institution to pay funds deposited, or interest, upon demand for withdrawal. The sole responsibility of Escrow is to make the deposit. Any disbursement of funds deposited will require a minimum of one (1) business day's prior notice.
3. The Parties agree to pay all charges, including the fees of Escrow, incurred in connection with this transaction, even if the transaction does not close. Consent fees and other fees required to be paid in advance in order to process escrow may be paid by Escrow from funds held in escrow prior to closing.
4. Escrow's sole responsibility shall be to comply with the written instructions given to and accepted by it. Any amendment to these Instructions must be in writing and accepted by Escrow. If there is any conflict between the Contract and these Instructions, these Instructions shall control. These Instructions may be executed in counterparts, each of which shall be deemed an original and together shall constitute one and the same instrument.
5. Escrow assumes no responsibility for compliance with disclosure requirements under HRS 508-D, Mandatory Seller Disclosures in Real Estate Transactions.
6. Escrow shall have no duty to inquire into or have responsibility for the form, content, due execution, genuineness, validity, sufficiency or enforceability of any agreement, documents, certification, or other papers received by Escrow. The Parties acknowledge that Escrow will assume that all papers received by it have been signed by the proper persons, that such persons had capacity and authority to so sign, and that such papers have been signed by the persons whose signatures purport to appear thereon. Escrow shall have no duty to inform any Party regarding any facts which Escrow may have acquired outside this transaction and which concern the property covered by the Contract of the Parties.
7. In most instances, each Party's Tentative Closing Statement and Final Closing Statement will differ. Copies of such statements will be furnished only to the Party named therein and such Party's real estate agent. As required by law, any lender involved in the transaction will receive a copy of each Party's Statements.
8. Unless otherwise agreed upon, all prorations and adjustments shall be made as of the date upon which the appropriate documents are recorded. All adjustments and prorations shall be made on the basis of a 30-day month. All disbursements shall be made by Escrow's check.
9. The Parties acknowledge that Escrow is not a title abstractor or title insurer. Escrow shall have only the duty to obtain title insurance or other title coverage as required by the Contract. Escrow shall have no responsibility for loss attributable to defects in title, except for such loss as may be caused by Escrow's failure to obtain the required title insurance or title coverage. It is the duty of the Parties to determine all physical attributes of the property, including any facts which a correct survey or inspection of the property would disclose (for example, position or existence of stakes, boundaries, area and location of improvements).
10. If any dispute arises between the Parties or between any or all of the Parties and Escrow, or any demand is received by Escrow or Escrow is uncertain as to its duties hereunder, Escrow may at its sole election without any liability to it: (1) await, without taking any action, the determination of such dispute by the Parties; or (2) file a suit in interpleader or institute other action in any court of competent jurisdiction for the purpose of having the respective rights and duties of Escrow and the Parties adjudicated. The Parties shall be liable to Escrow for all costs and expenses, including reasonable attorney's fees, incurred by Escrow in connection with any dispute or legal action.
11. Escrow shall be responsible for obtaining a Non-Foreign affidavit or other exemption form pursuant to Section 1445 of the IRS Code of 1984, as amended (FIRPTA) and a Non-Resident affidavit or other exemption form pursuant to Section 235-68 HRS, as amended (HARPTA). However, escrow shall have no liability or responsibility with respect to determining whether the transferor is a foreign person (FIRPTA) or a non-resident (HARPTA) under such sections. If FIRPTA/HARPTA payments are to be made by escrow to the IRS and/or State of Hawaii Department of Taxation, escrow will prepare the FIRPTA/HARPTA forms to attach to the payments and charge seller $25.00 per FIRPTA/HARPTA form. If the seller has applied for reduction in the withholding amount, escrow will require its withholding agreement to be signed by seller, buyer and broker prior to closing. In order for escrow to collect payments or withhold, escrow must have written instructions from the buyer to this escrow.
12. Sale of Residential Leasehold Property – Sellers are required by State Law to provide Buyers with certain documents for review in the sale of residential leasehold property. Escrow will not be responsible for compliance with Hawaii's Residential Leasehold Disclosure Law, Act 168, Session Laws of Hawaii 1989, as amended (Sections 514A-61, 516-71 and 516D-11, Hawaii Revised Statutes).
13. In order to clear and fully disburse upon any account which Escrow deems dormant, Escrow reserves the right to: (1) Forward a final notice to whom Escrow believes is the appropriate party; (2) assess a reasonable processing fee and deduct that fee from the balance remaining in the dormant account after expiration of thirty (30) days from the date of final notice; and, (3) escheat the balance of funds by forwarding any moneys remaining in the dormant account to the State of Hawaii, pursuant to Chapter 523A, Hawaii Revised Statutes.
14. "Contract" means the agreement (including amendments, if any) received by Escrow pertaining to this transaction. "Escrow" means Title Guaranty Escrow Services, Inc., a Hawaii corporation. "Party" means each Buyer and Seller, and in any exchange transaction, each Principal. "Financial institution" means any bank, savings and loan association, financial services loan company or credit union whose accounts are insured by the Federal Deposit Insurance Corporation, The National Credit Union Share Insurance Fund or other similar or successor fund of federal insurance. The liability of all Parties shall be joint and several unless otherwise expressly stated. All duties, rights and benefits hereunder shall inure to and be binding upon the Parties and their respective heirs, personal representatives, successors and assigns.

### PLEASE SIGN BELOW – RETURN ONE COPY TO ESCROW

I have carefully reviewed this Settlement Statement and to the best of my knowledge and belief, it is true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of this Settlement Statement.

_____

_____

_____

Future Mailing Address:

_____

_____

This Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

I certify that copies of this Statement have been mailed or delivered to the Buyer and Seller named herein.

THESE ESCROW INSTRUCTIONS ARE ACCEPTED BY THE UNDERSIGNED.

Settlement Agent
TITLE GUARANTY ESCROW SERVICES, INC.

**232  0527**

_____
Date

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

(Rev. 09/00)    To view this form in a larger print, go to tgexpress.tghawaii.com in the real estate forms library.

REQUESTED BY - Barbara Paulo                                      DATED: 1/28/2002

```
SPORTS SHINKO (WAIKIKI), CO., LTD         ESCROW NO: A2-101-0200-0001
OCEAN RESORT HOTEL WAIKIKI                RPT DATE : 2/01/2002
175 PAOAKALANI ST, STE 300                CLOSE DT : 1/30/2002
HONOLULU HI 96815                         PROPERTY : OCEAN RESORT HOTEL
                                          TMK        (1)2/6/027/007  CPR:
                                          ADDRESS    175 PAOAKALANI AVE
                                                     HONOLULOU HI

ESCROW AGENT:

TITLE GUARANTY ESCROW SERVICES, INC.
    MAIN OFFICE                           CONTRACT DATE   :  1/15/2002
    235 QUEEN ST
    HONOLULU HI 96813

ATTN BARBARA PAULO
------------------------------------------------------------------------------
DESCRIPTION                                      DEBITS/CHARGES         CREDITS
------------------------------------------------------------------------------

Sales/purchase price                                                5,500,000.00

Promissory Note                                    4,500,000.00
Prorata items as of  1/30/2002
R.P. taxes      01/01/02 to 01/30/02 @    6,474.00/6M      1,043.03
R.P. taxes      01/01/02 to 01/30/02 @  116,912.47/6M     18,835.90
R.P. taxes      01/01/02 to 01/30/02 @   12,955.97/6M      2,087.35
Assessment fees 01/01/02 to 01/30/02 @      292.50/6M         47.13
Assessment fees 01/01/02 to 01/30/02 @    5,282.19/6M        851.02
Assessment fees 01/01/02 to 01/30/02 @      585.36/6M         94.31
Title search to   TITLE GUARANTY OF HAWAII                   300.00
Attorney fee to ASHFORD & WRISTON                          5,000.00
Disbursement to ARCHITECTS HAWAII                         37,591.56
Assessment Fees to CITY & COUNTY OF HONOLULU                  30.71
   ASSESMENT FEE                                  30.71
   ssment Fees to CITY & COUNTY OF HONOLULU                  542.58
   SSESMENT FEE                                 542.58
Assessment Fees to CITY & COUNTY OF HONOLULU                  61.48
   ASSESMENT FEE                                  61.48
Escrow fee to TITLE GUARANTY ESCROW                        3,919.25

Commission to COLLIERS MONROE FRIEDLANDER                178,973.90
Record'g/filing fee                                           75.00
Conveyance tax                                             4,950.00
Net proceeds due Seller                                  745,596.78


TOTAL                                              5,500,000.00    5,500,000.00
```

The undersigned read and understands the Controlled Business Arrangement
Disclosure Statement from Title Guaranty Escrow Services, Inc.

------------------------------------------------------------------------------
```
    LIST OF ADDITIONAL PROPERTY(S)
PROPERTY : OCEAN RESORT HOTEL
TMK      : (1)2/6/027/008
ADDRESS  : 2556 CARTWRIGHT RD

PROPERTY : OCEAN RESORT HOTEL
TMK      : (1)2/6/027/050
   SS    : 2562 CARTWRIGHT RD
```
------------------------------------------------------------------------------

232 0529

STATEMENT IS CONTINUED - THE 2ND PAGE ATTACHED HERETO IS A PART HEREOF.   DATED: 2/01/2002

## ESCROW INSTRUCTIONS and GENERAL PROVISIONS OF ESCROW TRANSACTION

To: Title Guaranty Escrow Services

The Parties agree to the sale and purchase or exchange of property described in the contract which has been received by escrow.

I will collect and hold all documents and funds as shall be appropriate and necessary to close this escrow as provided in said Contract and these Instructions. If the Parties have not delivered to you all ... and necessary documents, you are authorized to have them drawn for execution. You are authorized to deliver or record, or both, as appropriate, said documents and to thereafter apply and disburse the funds coming into your hands pursuant to said Contract, these Instructions and the closing statement, when you have obtained said documents and funds and can obtain Title Insurance or Title Reports as designated in the closing statement with coverage equal to the total consideration and showing record title to said property vested in the Buyer subject only to: real property taxes and assessments not delinquent; covenants, conditions, restrictions, rights, rights of way, easements and reservations now of record or in the instrument(s) to be recorded; and such other encumbrances, if any, as may be specified in said Contract, or accepted by the affected Party.

### TENTATIVE CLOSING STATEMENTS ONLY

The Tentative Closing Statement is based upon a proration of charges as of a specified date and the understanding that all necessary payments will have been kept current to that date by the Parties. If the proration date changes or the necessary payments have not been kept current, you are authorized to close this escrow and, in connection with the closing, to make all necessary payments and adjust all prorations to the date of closing, unless another date has been otherwise specifically agreed upon by the Parties.

### GENERAL PROVISIONS OF ESCROW TRANSACTION

1. Time is of the essence in this transaction. Any Party, not being in default, shall have all remedies available in law or in equity against any other Party for such other Party's default. If this escrow is not in condition to close as and when provided hereunder, or at the time of any extensions made pursuant to the Contract, any Party may, in writing, demand the delivery of any money, property or documents deposited with Escrow by that party. Escrow shall mail a copy of such demand to the other Party. Unless Escrow shall consider itself unable to comply with the demand, or the other Party shall object to the demand in writing within fifteen (15) days of the mailing by Escrow, Escrow shall comply with the demand. If the agreed upon closing date has passed, and Escrow has not received a written demand as provided above, Escrow shall continue to process this transaction and promptly close.

2. Funds received in this escrow may be deposited with other escrow funds in any Hawaii financial institution. No interest or dividends earned on such funds will be paid to a party to the escrow unless Escrow is specifically instructed to the contrary. The Parties acknowledge that federal law and regulations limit the amount of insurance on insured deposit accounts to $100,000 per depositor. Escrow may have other deposit accounts in the financial institution in which the funds for this escrow are deposited. The cumulative effect of other accounts of Escrow may limit the amount of insurance available for the funds deposited in this escrow. The Parties agree that Escrow has no liability in the event of failure, insolvency or inability of a financial institution to pay funds deposited, or interest, upon demand for withdrawal. The sole responsibility of Escrow is to make the deposit. Any disbursement of funds deposited will require a minimum of one (1) business day's prior notice.

3. The Parties agree to pay all charges, including the fees of Escrow, incurred in connection with this transaction, even if the transaction does not close. Consent fees and other fees required to be paid in advance in order to process escrow may be paid by Escrow from funds held in escrow prior to closing.

4. Escrow's sole responsibility shall be to comply with the written instructions given to and accepted by it. Any amendment to these Instructions must be in writing and accepted by Escrow. If there is any conflict between the Contract and these Instructions, these Instructions shall control. These Instructions may be executed in counterparts, each of which shall be deemed an original and together shall constitute one and the same instrument.

5. Escrow assumes no responsibility for compliance with disclosure requirements under HRS 508-D, Mandatory Seller Disclosures in Real Estate Transactions.

6. Escrow shall have no duty to inquire into or have responsibility for the form, content, due execution, genuineness, validity, sufficiency or enforceability of any agreement, documents, certification, or other papers received by Escrow. The Parties acknowledge that Escrow will assume that all papers received by it have been signed by the proper persons, that such persons had capacity and authority to so sign, and that such papers have been signed by the persons whose signatures purport to appear thereon. Escrow shall have no duty to inform any Party regarding any facts which Escrow may have acquired outside this transaction and which concern the property covered by the Contract of the Parties.

7. In most instances, each Party's Tentative Closing Statement and Final Closing Statement will differ. Copies of such statements will be furnished only to the Party named therein and such Party's real estate agent. As required by law, any lender involved in the transaction will receive a copy of each Party's Statements.

8. Unless otherwise agreed upon, all prorations and adjustments shall be made as of the date upon which the appropriate documents are recorded. All adjustments and prorations shall be made on the basis of a 30-day month. All disbursements shall be made by Escrow's check.

9. The Parties acknowledge that Escrow is not a title abstractor or title insurer. Escrow shall have only the duty to obtain title insurance or other title coverage as required by the Contract. Escrow shall have no responsibility for loss attributable to defects in title, except for such loss as may be caused by Escrow's failure to obtain the required title insurance or title coverage. It is the duty of the Parties to determine all physical attributes of the property, including any facts which a correct survey or inspection of the property would disclose (for example, position or existence of stakes, boundaries, area and location of improvements).

10. If any dispute arises between the Parties or between any or all of the Parties and Escrow, or any demand is received by Escrow or Escrow is uncertain as to its duties hereunder, Escrow may at its sole election ... out any liability to it: (1) await, without taking any action, the determination of such dispute by the Parties; or (2) file a suit in interpleader or institute other action in any court of competent jurisdiction for the purpose ... the respective rights and duties of Escrow and the Parties adjudicated. The Parties shall be liable to Escrow for all costs and expenses, including reasonable attorney's fees, incurred by Escrow in connection with ... dispute or legal action.

11. Escrow shall be responsible for obtaining a Non-Foreign affidavit or other exemption form pursuant to Section 1445 of the IRS Code of 1984, as amended (FIRPTA) and a Non-Resident affidavit or other exemption form pursuant to Section 235-68 HRS, as amended (HARPTA). However, escrow shall have no liability or responsibility with respect to determining whether the transferor is a foreign person (FIRPTA) or a non-resident (HARPTA) under such sections. If FIRPTA/HARPTA payments are to be made by escrow to the IRS and/or State of Hawaii Department of Taxation, escrow will prepare the FIRPTA/HARPTA forms to attach to the payments and charge seller $25.00 per FIRPTA/HARPTA form. If the seller has applied for reduction in the withholding amount, escrow will require its withholding agreement to be signed by seller, buyer and broker prior to closing. In order for escrow to collect payments or withhold, escrow must have written instructions from the buyer to this escrow.

12. Sale of Residential Leasehold Property – Sellers are required by State Law to provide Buyers with certain documents for review in the sale of residential leasehold property. Escrow will not be responsible for compliance with Hawaii's Residential Leasehold Disclosure Law, Act 168, Session Laws of Hawaii 1989, as amended (Sections 514A-61, 516-71 and 516D-11, Hawaii Revised Statutes).

13. In order to clear and fully disburse upon any account which Escrow deems dormant, Escrow reserves the right to: (1) Forward a final notice to whom Escrow believes is the appropriate party; (2) assess a reasonable processing fee and deduct that fee from the balance remaining in the dormant account after expiration of thirty (30) days from the date of final notice; and, (3) escheat the balance of funds by forwarding any moneys remaining in the dormant account to the State of Hawaii, pursuant to Chapter 523A, Hawaii Revised Statutes.

14. "Contract" means the agreement (including amendments, if any) received by Escrow pertaining to this transaction. "Escrow" means Title Guaranty Escrow Services, Inc., a Hawaii corporation. "Party" means each Buyer and Seller, and in any exchange transaction, each Principal. "Financial institution" means any bank, savings and loan association, financial services loan company or credit union whose accounts are insured by the Federal Deposit Insurance Corporation, The National Credit Union Share Insurance Fund or other similar or successor program of federal insurance. The liability of all Parties shall be joint and several unless otherwise expressly stated. All duties, rights and benefits hereunder shall inure to and be binding upon the Parties and their respective heirs, personal representatives, successors and assigns.

### PLEASE SIGN BELOW – RETURN ONE COPY TO ESCROW

I have carefully reviewed this Settlement Statement and to the best of my knowledge and belief, it is true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of this Settlement Statement.

_____

_____

_____

Future Mailing Address:

_____

_____

This Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

I certify that copies of this Statement have been mailed or delivered to the Buyer and Seller named herein.

THESE ESCROW INSTRUCTIONS ARE ACCEPTED BY THE UNDERSIGNED.

_____
Settlement Agent
TITLE GUARANTY ESCROW SERVICES, INC.

**232 0530**

_____
Date

It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

Rev. 09/00)    To view this form in a larger print, go to tgexpress.tghawaii.com in the real estate forms library.

REQUESTED BY - Barbara Paulo                                         DATED: 2/01/2002

OR HO A2101020000001

NO. 226019

59-102
1213

**Title Guaranty Escrow Services, Inc.**
HONOLULU, HAWAII
ESCROW CUSTODIAL ACCOUNT

HEAD OFFICE
BANK OF HAWAII
HONOLULU, HAWAII

VOID IF NOT CASHED WITHIN 60 DAYS

PAY * SEVEN HUNDRED FORTY FIVE THOUSAND FIVE HUNDRED NINETY SIX DOLLARS AND SEVENTY EIGHT CENTS

DATE 2/04/2002   $ ***745596.78

TO THE ORDER OF   SPORTS SHINKO (WAIKIKI) CORPORATION

Title Guaranty Escrow Services, Inc.
ESCROW CUSTODIAL ACCOUNT

BY _____
BY _____
Two Signatures Required on Amounts Over $100.00

⑈226019⑈ ⑆121301028⑆ 0001⑈029630⑈

| TCD CODE | DESCRIPTION CODE | B/S CODE | BREAKDOWN DESCRIPTION | AMOUNT |
|---|---|---|---|---|
|  | 4L |  | PROCEEDS | 745,596.78 |

| 2/04/2002 | BARBARA PAULO/BTP | 745,596.78 |
|---|---|---|

NO. 101-101   226019

Title Guaranty Escrow Services, Inc.
HONOLULU, HAWAII
ESCROW CUSTODIAL ACCOUNT

PLEASE DETACH BEFORE DEPOSITING

232 0531