TABLE OF CONTENTS

I. Introduction ..................................................................................................... 1

II. The Court Fundamentally Misunderstands the Allegations Against
the KG Defendants ......................................................................................... 4

III. The Order Improperly Affords Special Powers To SS-Japan,
SS-USA and Goldman Sachs ......................................................................... 6

    A. Applying Japanese Law, The Court is Manifestly In Error
Concluding That Goldman Sachs or Plaintiffs Acquired
Special Rights To Pursue KG From The Bankruptcy Trustee ..... 6

        1. The Law of Japan Is Controlling ....................................... 6

        2. The Order Misapplies Japan Law ..................................... 7

    B. Applying U.S. Law, The Court is Manifestly In Error
Concluding That Goldman Sachs or Plaintiffs Acquired
Special Rights To Pursue KG From The Bankruptcy Trustee ..... 9

    C. Scholes and O'Melveny Do Not Support The Court's
Legal Conclusions ........................................................................ 12

IV. The "Sole Owner Rule" Should Be Applied
As A Matter Of Law ....................................................................................... 15

    A. Toshio and His Sons Had Complete Ownership of SS-Japan ..... 15

    B. Toshio Alone Controlled The SS Companies,
Notwithstanding His Sons' Ownership Interest ........................... 16

    C. SS-Japan, And Therefore Toshio, Owned 100% of SS-USA ...... 18

    D. SS-USA, and Therefore Toshio, Owned 100% of SS-
Hawaii, etc. ................................................................................... 18

    E. There is No Dispute that Toshio Approved The Sale of the
Hawaii Assets To KG .................................................................... 19

    F. Toshio's Control is Sufficient to Invoke the Sole Owner
Rule As a Matter of Law .............................................................. 19

V. KG Disputes The Underlying Debts In This Case ................................. 20

ii

TABLE OF CONTENTS (cont'd)

| | | |
|---|---|---:|
| VI. | The Plaintiff's Officers All Acted to Effectuate the Sale of the Mililani Property. The Transaction Was Not "Secret".......................... | 22 |
| VII. | The Sale of the Sewage Treatment Plant Was Part of the Same Transaction as the Sale of the Other Hawaii Properties To KG................. | 23 |
| VIII. | Conclusion ........................................................................................ | 25 |

## TABLE OF AUTHORITIES

**CASES**

British Airways Bd. v. Boeing Co., 585 F.2d 946 (9th Cir. 1978) .................. 19

Camerer v. California Sav. & Commercial Bank, 48 P.2d 39 (Cal. 1935) ............................................................................................................. 14

F.D.I.C. v. O'Melveny & Myers, 61 F.3d 17 (9th Cir. 1995) ........................ 13-14

Hays & Co., v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 885 F.2d 1149, (3d Cir. 1989)................................................................................ 10

In re Leasing Consultants, 592 F.2d 103 (2d Cir. 1978) ............................... 10

In re Mediators, 105 F.3d 822 (2d Cir. 1997)................................................ 19-20

In re Personal and Business Ins. Agency, 334 F.3d 239 (3d Cir. 2003) ................................................................................................................. 10

Kim v. Co-op. Centrale Raiffeisen-Boerenleebank B.A., 364 F.Supp. 2d 346 (S.D.N.Y. 2005)................................................................................. 8

McKesson HBOC, Inc. v. Islamic Republic of Iran, 271 F.3d 1101 (D.C. Cir. 2001) ................................................................................................ 8

Official Committee of Unsecured Creditors v. R.F. Lafferty & Co., 267 F.3d 340 (3d Cir. 2001) ....................................................................... 10, 11

Official Committee of Unsecured Creditors of PSA, Inc. v. Edwards, 437 F.3d 1145 (11th Cir. 2006)......................................................................... 11

Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147 (2nd Cir. 2003)............................. 19-20

Scholes v. Lehmann, 56 F.3d 750 (7th Cir.), cert. denied, 516 U.S. 1028 (1995) ..................................................................................................... 12-14

**STATUTES**

11 U.S.C. § 541 ............................................................................................... 9-11

11 U.S.C. § 544(b) .......................................................................................... 10, 11

## TABLE OF AUTHORITIES (cont'd)

11 U.S.C. § 548 .................................................................................... 10, 11

HRS § 247-1 ........................................................................................... 24

HRS Ch. 651C ........................................................................................ 5


OTHER AUTHORITIES

37 Am. Jur. 2d Fraudulent Conveyances and Transfers § 131 ................ 13

F.R.Civ.P. 12(b) ..................................................................................... 21

F.R.Civ.P. 44.1 ....................................................................................... 8

F.R.Civ.P. 56 .......................................................................................... 21, 26

Japan Corporate Reorganization Law, Japan Law No. 172,
June 7, 1952 ........................................................................................... 1, 7

Collier on Bankruptcy ¶ 323.02[4] ......................................................... 10