Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON                1126-0
GLENN T. MELCHINGER        7135-0
American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, Hawai'i  96813
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
Email:  gtm@ahfi.com

Attorneys for Plaintiff
and Third-Party Defendants,
the SS Companies

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SPORTS SHINKO CO., LTD., a Japanese corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>QK HOTEL, LLC, a Hawai`i limited liability company, et al.,<br><br>　　　　Defendants,<br><br>　　and<br><br>FRANKLIN K. MUKAI,<br><br>　　　　Third-Party Plaintiff,<br><br>　　vs.<br><br>SPORTS SHINKO (USA) CO.; LTD., a Delaware corporation, et al., | CIVIL NO. CV 04-00124<br>　　　　ACK/BMK<br><br>CONSOLIDATED CASES<br><br>**THE SPORTS SHINKO COMPANIES' MEMORANDUM IN OPPOSITION TO CERTAIN KG DEFENDANTS' MOTION TO EXPUNGE NOTICE OF PENDENCY OF ACTION FILED ON FEBRUARY 20, 2004, FILED ON JUNE 27, 2006; DECLARATION OF GLENN T. MELCHINGER; EXHIBITS "A"-"B"; CERTIFICATE OF SERVICE**<br><br>Hearing Date: Sept. 25, 2006<br>Time:        9:30 AM<br>Judge:       Hon. Alan C. Kay |

617933_5 / 6850-5

```
              Third-Party        )
              Defendants.        )
                                 )
_____)
                                 )
                                 )
SPORTS SHINKO (USA) CO., LTD.,   )  CIVIL NO. CV 04-00125
a Delaware corporation,          )          ACK/BMK
                                 )
              Plaintiff,         )
                                 )
       vs.                       )
                                 )
PUKALANI GOLF CLUB, LLC, a       )
Hawai`i limited liability        )
company, et al.,                 )
                                 )
              Defendants,        )
                                 )
       and                       )
                                 )
FRANKLIN K. MUKAI,               )
                                 )
              Third-Party        )
              Plaintiff,         )
                                 )
       vs.                       )
                                 )
SPORTS SHINKO CO., LTD.,         )
a Japan corporation, et al.,     )
                                 )
              Third-Party        )
              Defendants.        )
_____)
                                 )
SPORTS SHINKO (USA) CO., LTD, a  )  CIVIL NO. CV 04-00126
Delaware corporation,            )          ACK/BMK
                                 )
              Plaintiff,         )
                                 )
       vs.                       )
                                 )
KIAHUNA GOLF CLUB, LLC,          )
a Hawaiʻi limited liability      )
company, et al.,                 )
                                 )
              Defendants,        )
                                 )
```

```
        and                           )
                                      )
FRANKLIN K. MUKAI,                    )
                                      )
        Third-Party                   )
        Plaintiff,                    )
                                      )
    vs.                               )
                                      )
                                      )
SPORTS SHINKO CO., LTD.,              )
a Japan corporation, et al.,          )
                                      )
        Third-Party                   )
        Defendants.                   )
_____)
                                      )
SPORTS SHINKO CO., LTD., a            )   CIVIL NO. CV 04-00127
Japanese corporation,                 )           ACK/BMK
                                      )
        Plaintiff,                    )
                                      )
    vs.                               )
                                      )
OR HOTEL, LLC, a Hawai`i              )
limited liability company,            )
et al.,                               )
                                      )
        Defendants,                   )
                                      )
        and                           )
                                      )
FRANKLIN K. MUKAI,                    )
                                      )
        Third-Party                   )
        Plaintiff,                    )
                                      )
    vs.                               )
                                      )
SPORTS SHINKO (USA) CO., LTD.,        )
a Delaware corporation, et al.,       )
                                      )
        Third-Party                   )
        Defendants.                   )
_____)
                                      )
```

```
SPORTS SHINKO (USA) CO., LTD.,   )  CIVIL NO. CV 04-00128
a Delaware corporation,          )           ACK/BMK
                                 )
        Plaintiff,               )
                                 )
    vs.                          )
                                 )
MILILANI GOLF CLUB, LLC,         )
a Hawai`i limited liability      )
company, et al.,                 )
                                 )
        Defendants,              )
                                 )
    and                          )
                                 )
                                 )
FRANKLIN K. MUKAI,               )
                                 )
        Third-Party              )
        Plaintiff,               )
                                 )
    vs.                          )
                                 )
SPORTS SHINKO CO., LTD.,         )
a Japan corporation, et al.,     )
                                 )
        Third-Party              )
        Defendants.              )
_____)
```

**THE SPORTS SHINKO COMPANIES' MEMORANDUM IN OPPOSITION TO CERTAIN KG DEFENDANTS' MOTION TO EXPUNGE NOTICE OF PENDENCY OF ACTION FILED ON FEBRUARY 20, 2004, FILED ON JUNE 27, 2006**

The Sports Shinko Plaintiffs and Third-Party Defendants (collectively, the "**SS Companies**") hereby oppose Defendant Pukalani Golf Club, LLC ("PGC"), Defendant KG Maui Development, LLC ("KGD"), and KG Holdings LLC's ("KG Holdings")(collectively the "KG Defendants'") Motion to Expunge Notice of Pendency of Action Filed on February 20, 2004, filed on June 27, 2006 (the

"Motion"). Below, "MIS" refers to the Defendants' memorandum in support of their Motion.

**I.  INTRODUCTION**

The KG Defendants argue that the SS Companies' lawsuits somehow do not affect title or possession to real property. Thus, the KG Defendants contend, the claims do not support a *lis pendens* or notice of pendency of action ("NOPA").

The KG Defendants are wrong. The SS Companies seek to: (1) *avoid* transfers of title to, and recover possession of, real property under the Uniform Fraudulent Transfer Act ("UFTA"), Haw. Rev. Stat. Ch. 651C; and (2) based on their non-UFTA claims, *rescind* the transfers of real property.

The Motion must be denied, as the KG Defendants' arguments are misleading and frivolous because:

  1. The SS Plaintiffs seek title to and possession of the former SS properties, and the UFTA allows such claims.

  2. The SS Companies' other claims for rescission also support a NOPA.

  3. The *Utsunomiya* case does not apply here.

  4. No indispensable parties are "missing"-they have been before the Court for over a year.

  5. Even if the KG Defendants are entitled to any lien under HRS § 651C-8(d)(1), it is only to the extent they gave *actual value*.

**II.   FACTUAL BACKGROUND**

The Motion's factual background (MIS at 3-7) supplies the KG Defendants' *motive* for the Motion, to obtain financing for property.[1]  Motives are irrelevant.[2]  However, the "factual background" contains many misleading statements that the SS Companies dispute:

1. The sale was not a "bulk" sale.  MIS at 2.  This issue, however, has been briefed elsewhere and does not bear repetition as it is irrelevant. *See* SS MIO to KG Defs' 1/13/06 MSJ at 24-25; SS MIO to 4/12/06 KG Defs' Mot. for Recon. at 25-27.

2. The purchase of the stock of Pukalani STP Co., Ltd. was not a "condition" to the purchase of the other properties.  MIS at 3-4.  In fact, the January 15, 2002 Purchase and Sale Agreement (the "PSA") contains no such "condition" and expressly states that there are "no agreements, understandings, warranties or representations except as set forth herein."  Ex. "A" (PSA at §§ 5.4(c), 8, 10 & 17.5).  Mr. Tanigawa's declaration is irrelevant in any case.

3. Despite their arguments, the KG Defendants knew of the physical condition of the sewage treatment plant ("STP"), expressly assumed the duty to inspect it, and purchased it "AS IS."  *See* Mot. at Ex. "C", at 1-4; Ex. "A".  They cannot complain that the situation is "desperate" more than four years after buying the STP.  They own it, but have

---

[1] Even *assuming* for the sake of argument that the KG Defendants' search for bank financing were relevant, the KG Defendants have not shown that they: (a) lack the funds to remedy any alleged issues with the STP; or (b) were financially unable to remedy the alleged problems during the past four years.

[2] *Knauer v. Foote*, 101 Hawai`i 81, 83, 63 P.3d 389, 392 (2003)(courts determines this type of motion with reference to the pleadings).

>     done nothing to prevent any alleged problems. They could have applied to the PUC for leave to increase their rates and fees so that the STP was financially independent, but they waited for three years (until 2005) even to *apply*. *See* Mot. at Ex. "C" at 4.
>
> 4. The Pukalani STP was not "at the end of its useful life" at the time it was purchased. MIS at 4. Indeed, it has operated for over four years since the KG Defendants purchased it, apparently without any major overhaul. *See* Mot. at Ex. "C".

The KG Defendants' factual statements have no bearing on the Motion.

**III.    STANDARD**

In determining the validity of a NOPA, Hawai`i courts restrict their review to the face of the complaint. *Knauer v. Foote*, 101 Hawai`i 81, 83, 63 P.3d 389, 391 (2003); *Utsunomiya Ent., Inc. v. Moomuki Country Club*, 75 Hawai`i 480, 505-506, 866 P.2d 951, 964 (1994). The likelihood of success on the merits is irrelevant to determining the validity of the NOPA. *Id.* A trial Court's determination is reviewed for an abuse of discretion. *Id.*

**IV.    ARGUMENT**

In these consolidated cases, the SS Companies seek, among other things, to: (1) avoid the transfers of former SS properties to the respective KG Defendants under the UFTA; and

617933_5 / 6850-5                           -4-

(2) rescind the challenged transfers to the KG Defendants.[3] The KG Defendants' Motion raises only one issue regarding certain property on Maui: whether the SS Companies' claims to (1) avoid transfers of real property and (2) to rescind them relate to the title and possession of real property, thereby allowing a NOPA. The answer is yes.

> **A.  The SS Plaintiffs Seek Title to and Possession of the former SS Properties, and the UFTA Allows Such Claims.**

The KG Defendants' argument that UFTA claims do not allow a NOPA is verbose, but boils down to: (1) "a plaintiff under [the UFTA] recovers only a money judgment," thus allegedly bringing this case under the rule of *S. Utsunomiya Enter., Inc. v. Moomuku Country Club,* 75 Haw. 480, 566 P.2d 951 (1994). MIS at 8-12. The KG Defendants' argument: (a) is not supported by case law; (b) fails to discuss or distinguish adverse case law;[4] (c) is based on nothing more than the KG Defendants' interpretations of and assumptions regarding the "intent" behind

---

[3] *See* July 12, 2005 Second Amended Complaint in Civil No. CV 04-00125 ACK/BMK at ¶¶ 52-56 (seeking all appropriate remedies under HRS 651C-7(a)), and ¶¶ 83-90 (equitable claim for rescission).

[4] Indeed, one court has found that the UFTA does not even *allow* damages. *Forum Ins. Co. v. Devere Ltd.*, 151 F. Supp. 2d 1145, 1148 (C.D. Cal. 2001) ("[B]y its terms, UFTA allows only equitable remedies such as avoidance, attachment, an injunction, or appointment of a receiver. Upon finding an UFTA violation, the court may cancel the transfer or impose a lien against the transferred property, but it may not award damages.").

the *model* UFTA of 1984; and (d) most importantly, ignores the SS Companies' other claims.

### 1. UFTA claims are real property claims.

The SS Companies' NOPA is proper. Hawai`i courts have not specifically addressed whether an action under the UFTA "seeks title or a right to possession" of real property, but the Supreme Court of California has held that an action under the UFTA seeking avoidance of a transfer "clearly 'affects title to, or the right to possession of' [] real property and is therefore a real property claim for the purposes of the *lis pendens* statute." *Kirkeby v. Superior Court of Orange County*, 93 P.3d 395, 399-401 (Cal. 2004)("a fraudulent conveyance claim ... may result in the voiding of a transfer of title of specific real property").[5]

---

[5] The UFTA as enacted in California is, for the purposes of this Motion, identical to Hawai`i's UFTA. *See* (a) Cal. Civ. Code § 3439.07(a)(1) and HRS § 651C-7(a)(1)); (b) Cal. Civ. Code § 3439.07(a)(3)(C), which is identical to HRS § 651C-7(a)(3)(c) (allowing "[a]ny other relief the circumstances may require").

When precedent is lacking, "[t]he general trend of Hawaiian courts is to look to California law in the absence of Hawaiian authority." *Locricchio v. Legal Services Corp.*, 833 F.2d 1352, 1357 (9th Cir. 1987); *Sutherland v. Kaonohi Ohana, Ltd.*, 776 F.2d 1425, 1427 n. 4 (9th Cir. 1985) ("the courts of Hawaii frequently look to decisions from California when deciding cases of first impression"). Indeed, in *S. Utsunomiya* the Supreme Court of Hawai`i relied on decisions of the California courts. 75 Haw. at 511-12, 866 P.2d at 966-67.

      **2.    To "avoid" a transfer means to *nullify* it, after which, title and possession change hands.**

"Avoidance" of a transfer under the UFTA means its nullification, and the subsequent transfer of title and repossession of the fraudulently transferred properties. "[M]onetary damage awards [under the UFTA] are only appropriate where reconveyance of the fraudulently transferred property is impossible or where the subject property has depreciated in value." *See DFS Secured Healthcare Receivables Trust v. Caregivers Great Lakes*, 384 F.3d 338, at 352 n.10 (7th Cir. 2004)(UFTA allows transfer of the property from the transferee to plaintiff); Haw. Rev. Stat. ("HRS") § 651C-7(a).[6]

      **3.    The KG Defendants' interpretation of the UFTA ignores its plain meaning.**

The KG Defendants' interpret HRS § 651C-8(b) to restrict a creditor's remedies to damages alone. This interpretation is unsound and unjustified. That section provides that: "to the extent a transfer is voidable in an action by a creditor under section 651C-7(a)(1), the creditor **may** recover judgment for the value of the asset transferred ... or the amount necessary to satisfy the creditor's claim, whichever is less." HRS § 651C-8(b)(emphasis added); MIS at 10. The KG Defendants

---

[6] "Avoid" is defined as: "To annul; cancel; make void; to destroy the efficacy of anything." BLACK'S LAW DICTIONARY 136 (6th ed. 1990).

fail to contend there is any ambiguity in HRS § 651C-8(b), but mistakenly seek to "interpret" the statute nonetheless.

Statutes are given their plain and obvious meaning where there is no ambiguity. *In re Tax Appeal of Palk*, 56 Haw. 492, 497-98, 542 P.2d 361, 364-65 (1975). The plain meaning of HRS § 651C-8(b) is that a creditor is **allowed** *to* ("the creditor *may*") recover a judgment. Section 651C-8(b) is permissive, not compulsory or limiting, as the KG Defendants argue. *See DFS Secured Healthcare*, 384 F.3d at 352 n.10.

The Hawaii UFTA permits a judgment for a certain sum, but also expressly allows the "avoidance" of the transfer "to the extent necessary to satisfy the creditor's claim." HRS § 651C-7(a)(1). If the SS Companies prevail and transfers are avoided, the transfers will be nullified and KG Defendants will lose title to, and the right to possess, the properties. *See DFS*, 384 F.3d at 352 & n.10. Indeed, the KG Defendants would *have to* lose title in order to obtain the lien they claim they are allowed under HRS § 651C-8(d)(1). MIS at 20-22; *see infra* at 13-14.

**No** section of the Hawaii UFTA prohibits NOPAs, and the UFTA expressly authorizes "*any other relief the circumstances may require*." HRS § 651C-7(a)(3)(C); *Kirkeby*, 93 P.3d at 401. The KG Defendants' arguments are frivolous and make no sense.

### 4. The KG Defendants' argument based on the "intent" behind the *model* UFTA violates rules of statutory interpretation and is improper.

Inexplicably, the KG Defendants' support for their reading of the remedies available under the UFTA is their *assumptions* about the "*intent*" of the drafters of the *model* UFTA of 1984, prior to its enactment in Hawai`i. MIS at 11. The KG Defendants, however, have shown no ambiguity requiring interpretation, and no "intent" of either the legislature or the National Conference of Commissioners on Uniform State Laws ("NCCUSL") is allowed here.[7] *Palk*, *supra*.

### B. The SS Companies' Other Claims for Rescission Also Support a NOPA.

The SS Companies have brought claims that entitle them to rescission. *See* July 12, 2005 Second Amended Complaint in Civil No. CV 04-00125 ACK/BMK at ¶¶ 83-90 (equitable claim for rescission).[8] Claims for rescission justify NOPAs. *Bonded Concrete v. Johnson*, 280 A.D.2d 758, 759-60 (N.Y. App. Div. 2001)(court allowed *lis pendens* in action seeking rescission of

---

[7] In fact, the NCCUSL comments on the UFTA actually support imposition of a NOPA. They note that injunctive relief and appointment of a receivers are remedies traditionally available to prevent further disposition of the property. UFTA § 7 cmt. 3 (1984).

[8] The SS Companies' claims for conspiracy to breach fiduciary duties (against KG) also entitle them to rescission. *See id.* at ¶¶ 66-74; *Holmes Financial Assoc., Inc v. Jones*, 1991 WL 268370 (Tenn.App.).

the sale of real property and damages); *MacPherson v. Kessef Tov Corp.*, 121 Misc.2d 515, 518 (N.Y. Sup. Ct. 1983)("As defendants' counterclaim seeks rescission of the referee's deed and reversion of title to defendants, it is clearly an action appropriate for a notice of pendency.").

Even the KG Defendants concede that "[r]escission has the effect of voiding a contract from its inception." MIS at 18. It is academic that if the transfers to the KG Defendants are rescinded, they will lose title.

### 1. Rescission Is an Appropriate Remedy for Transfers of Real Property.

The KG Defendants argue that rescission is "not available" when there is an adequate remedy at law.[9] MIS at 18-19. For this proposition, the KG Defendants rely on *Beneficial Hawaii Inc. v. Kida*, 96 Hawai`i 289, 312, 30 P.3d 895, 918 (2001); MIS at 19. However, *Kida* notes that this is merely a "general principle," and that foreclosure of a lien on real property is an exception.

---

[9] The KG Defendants' argument regarding rescission is procedurally improper. The KG Defendants apparently seek to have this Court decide the SS Companies' rights under the UFTA *as a matter of law* without a motion under FRCP Rule 12 or 56, notice of any such motion, or any legal authority holding that the UFTA allows only damages. The Court need not, and should not, limit the SS Plaintiffs' ultimate remedies without a formal motion to dismiss or for summary judgment. Seeking a determination of these issues through the "back-door" of a motion to expunge a NOPA is improper.

The KG Defendants also rely on *C3 Media & Marketing Group, LLC v. Firstgate Internet, Inc.*, 419 F.Supp.2d 419 (S.D.N.Y. 2005) and *Dow Chemical Co. v. United States*, 226 F.3d 1334 (2000); MIS at 18. However, these cases are easily distinguished. *C3 Media* and *Dow Chemical* both involve breach of contract claims. Neither case involved claims for rescission of transfers of real property.

Real property is unique and damages are inadequate as a remedy for lost property rights. *See e.g., Wal-Mart Stores, Inc. v. County of Clark*, 125 F. Supp. 2d 420, 429 (D. Nev. 1999)("[M]oney damages would not be an adequate remedy for lost property rights 'because real property and its attributes are considered unique and loss of real property rights generally results in irreparable harm....'"); *Wachovia Commer. Mortg., Inc. v. Sandhya Hotels,* 2006 U.S. Dist. LEXIS 36259, *19 ("Given that real property is unique, damages are generally deemed an inadequate remedy...."; allowing equitable remedy of specific performance); *Allahar v. Zahora*, 1992 U.S. Dist. LEXIS 13689, *4 ("Where real property is involved, it is considered unique and therefore a legal remedy, such as monetary damages, is inadequate.").

### C. *Utsunomiya* Does Not Apply Here.

The KG Defendants claim *S. Utsunomiya Enter., Inc. v. Moomuku Country Club* bars a NOPA here.[10] The Court in *Utsunomiya* held that: "[t]he filing of a *lis pendens* must be limited in application to actions directly seeking to obtain title to or possession of real property." 75 Haw. at 484, 866 P.2d at 956.

The Court also apparently adopted the principle that "[A]llegations of equitable remedies, even if colorable, will not support a *lis pendens* if, ultimately, those allegations act only as a collateral means to collect money damages." 75 Haw. at 511, 866 P.2d at 966 (quoting *Urez Corp. v. Superior Court*, 190 Cal App.3d 1141, 1149, 235 Cal. Rprtr. 837, 842-43 (1987)).

*Utsunomiya* and *Knauer* did not involve claims under the UFTA or for rescission. They involved pure damage claims unrelated to real property and are inapplicable here.[11] First, as discussed above, the SS Companies' UFTA and rescission claims concern title to and possession of real property. Second,

---

[10] 75 Haw. 480, 566 P.2d 951 (1994). Defendants also cite *Knauer v. Foote*, 101 Hawai`i 81, 63 P.3d 389 (2003), for the same proposition. MIS at 16-17.

[11] In *S. Utsunomiya Enter.* the plaintiff filed suit against the defendant to recover a $200,000.00 deposit that the plaintiff paid to buy certain real property from the defendant. 75 Haw. at 485-86, 866 P.2d at 956. Knauer never attempted to obtain title or possession of the property at issue and only sought injunctive relief and money damages. 101 Hawai`i at 83, 63 P.3d at 391.

although they know better, the KG Defendants simply speculate about what Plaintiffs "appear" to be doing. MIS at 15. The KG Defendants provide no evidence supporting their misleading speculation that the SS Plaintiffs' NOPA is merely a "collateral means to collect money damages."[12]

     **D.   No Indispensable Parties Are "Missing."**

Strangely, the KG Defendants argue that "indispensable parties" (namely, the SS Companies that transferred the SS Properties to the KG Defendants) are "not before this Court." MIS at 2, 20 & n.11. This is false. The transferor SS Companies[13] have been before this Court since September 26, 2005, when Defendant Mukai sued them. The transferor SS Companies countersued Defendant Mukai and the KG Defendants as Third Party Counterclaimants on January 13, 2006, directly seeking title to the Properties. *See* 1/13/06 Third Party Complaints filed herein.

---

[12] Of course, the NOPA itself creates no lien. *See* Hawai`i Revised Statutes § 634-51 (2006). The KG Defendants are well aware that the SS Plaintiffs have demanded by letter the return of their respective former properties.

[13] The transferor SS Companies are Sports Shinko (Pukalani) Co., Ltd., Sports Shinko (Kauai) Co., Ltd., Sports Shinko (Mililani) Co., Ltd., and Sports Shinko (Waikiki) Corporation.

**E. Even If The KG Defendants Are Entitled to a Lien under HRS § 651C-8(d)(1), It Is Only Allowed to the Extent They Gave *Actual Value*.**

The KG Defendants' argue that *even if the transfers are rescinded or avoided* they are entitled to a lien or interest in the properties under HRS § 651C-8(d)(1). MIS at 20-22. Aside from being irrelevant to the Motion and not ripe for decision, the premise of this argument is the opposite of the KG Defendants' own interpretation of "intent" behind the model UFTA.

The KG Defendants' argument **admits** that the interests and ownership in the SS Companies' former properties will *change* if the transfers are avoided under § 651C-8 of the UFTA-the same provision that they say precludes a NOPA because it allegedly only allows damages. The reason is, simply put, that the KG Defendants could not have a *lien* on property to which they still held title. The KG Defendants' interpretation of the UFTA is self-serving and self-contradictory.

The KG Defendants argue they would be entitled to a $12 million lien on the Pukalani Property, or even a $4 million lien. This is false. MIS at 21.[14] The KG Defendants' hypothetical

---

[14] The KG Defendants provide **no** authority for the proposition that they may have a lien for "additional improvements and investments in the properties." MIS at 21. They should first address: (1) the profits they have improperly reaped from the various properties; (2) how those profits affect the calculation of any lien they are allegedly entitled to; and (3) whether the funds used for any improvements actually came from improperly received profits from the property/ies.

617933_5 / 6850-5                     -14-

interest/lien would be only "to the extent of value given." HRS § 651C-8(d). The SS Companies have received (in the aggregate, for *all* their properties) only about $2.2 million in cash for the respective transfers.[15] Of course, it is the dearth of cash and lack of "actual value," among other things, that makes these transfers to the KG Defendants so odd in the first place.

The KG Defendants have not "given" anything that legally constitutes "value" for the properties other than the roughly $2.2 million cash at closing. Nor have they provided any evidence of the value given. Even assuming *arguendo* that the KG Defendants are entitled to *any* lien on the Pukalani property, they are entitled only to a *pro rata* share of the cash actually paid, or perhaps $400,000 *at best*.

## V.  CONCLUSION

For the foregoing reasons, the SS Companies respectfully request that the Court deny the Motion.

DATED:   Honolulu, Hawai`i, September 7, 2006.

/S/ Glenn Melchinger
PAUL ALSTON
GLENN T. MELCHINGER
Attorneys for the SS Companies

---

[15] Other than cash, the KG Defendants only gave: (1) $9 million in *unsecured* promissory notes, on which no principal payments have been made; and (2) the KG Defendants' assumption of a $10.6 million mortgage (which the KG Defendants concede must be netted out from an HRS § 651C-8(d)(1) calculation of "value given," because the mortgage has essentially been paid off). MIS at 21.