# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

SPORTS SHINKO CO., LTD.,          )  Civ. No. 04-00124 ACK-BMK
a Japanese corporation,           )
                                  )  CONSOLIDATED CASES
          Plaintiff,              )
                                  )
     v.                           )  **ORDER DENYING MOTION TO**
                                  )  **EXPUNGE LIS PENDENS**
QK HOTEL, LLC, a Hawai`i          )
limited liability company, KG     )
HOLDINGS, LLC, a Hawai`i          )
limited liability company,        )
FRANKLIN K. MUKAI,                )
                                  )
          Defendants,             )
                                  )
     and                          )
                                  )
FRANKLIN K. MUKAI,                )
                                  )
          Third-Party             )
          Plaintiff,              )
                                  )
     v.                           )
                                  )
SPORTS SHINKO (USA) CO.; LTD.,    )
a Delaware corporation; SPORTS    )
SHINKO (HAWAII) CO., LTD., a      )
Hawai`i corporation; SPORTS       )
SHINKO (MILILANI) CO., LTD., a    )
Hawai`i corporation; SPORTS       )
SHINKO (KAUAI) CO., LTD., a       )
Hawai`i corporation; SPORTS       )
SHINKO (PUKALANI) CO., LTD., a    )
Hawai`i corporation; SPORTS       )
SHINKO RESORT HOTEL               )
CORPORATION, a Hawai`i            )
corporation; SPORTS SHINKO        )
(WAIKIKI) CORPORATION, a          )
Hawai`i corporation; and OCEAN    )
RESORT HOTEL CORPORATION, a       )
Hawai`i corporation,              )
                                  )
          Third-Party             )
          Defendants.             )
_____ )

```
                                      )
SPORTS SHINKO (USA) CO., LTD.,        )   Civ. No. 04-00125 ACK-BMK
a Delaware corporation,               )
                                      )
            Plaintiff,                )
                                      )
      v.                              )
                                      )
PUKALANI GOLF CLUB, LLC, a            )
Hawai`i limited liability             )
company; KG MAUI DEVELOPMENT,         )
LLC, a Hawai`i limited                )
liability company; KG HOLDINGS,       )
LLC, a Hawai`i limited                )
liability company, FRANKLIN K.        )
MUKAI,                                )
                                      )
            Defendants,               )
                                      )
      and                             )
                                      )
FRANKLIN K. MUKAI,                    )
                                      )
            Third-Party               )
            Plaintiff,                )
                                      )
      v.                              )
                                      )
SPORTS SHINKO CO., LTD.,              )
a Japan corporation, SPORTS          )
SHINKO (HAWAII) CO., LTD.,            )
a Hawai`i corporation, SPORTS        )
SHINKO (MILILANI) CO., LTD.,          )
a Hawai`i corporation, SPORTS        )
SHINKO (KAUAI) CO., LTD.,             )
a Hawai`i corporation, SPORTS        )
SHINKO (PUKALANI) CO., LTD., a        )
Hawai`i corporation, SPORTS          )
SHINKO RESORT HOTEL                   )
CORPORATION, a Hawai`i                )
corporation, SPORTS SHINKO            )
(WAIKIKI) CORPORATION,                )
a Hawai`i corporation, and           )
OCEAN RESORT HOTEL CORPORATION,       )
a Hawai`i corporation,                )
                                      )
            Third-Party               )
            Defendants.               )
```

ii

```
_____ )
                              )
SPORTS SHINKO (USA) CO., LTD, a ) Civ. No. 04-00126 ACK-BMK
Delaware corporation,         )
                              )
          Plaintiff,          )
                              )
     v.                       )
                              )
KIAHUNA GOLF CLUB, LLC, a      )
Hawai'i limited liability      )
company; KG KAUAI DEVELOPMENT, )
LLC, a Hawai'i limited liability )
company; PUKALANI GOLF CLUB,   )
LLC, a Hawai'i limited liability )
company; KG MAUI DEVELOPMENT,  )
LLC, a Hawai'i limited liability )
company; MILILANI GOLF CLUB,   )
LLC, a Hawai'i limited liability )
company; QK HOTEL, LLC, a      )
Hawai'i limited liability      )
company; OR HOTEL, LLC, a      )
Hawai'i limited liability      )
company, and KG HOLDINGS, LLC, )
a Hawai'i limited liability    )
company,                       )
                              )
          Defendants,         )
                              )
     and                      )
                              )
FRANKLIN K. MUKAI,            )
                              )
          Third-Party         )
          Plaintiff,          )
                              )
     v.                       )
                              )
SPORTS SHINKO CO., LTD., a     )
Japan corporation, SPORTS      )
SHINKO (HAWAII) CO., LTD., a   )
Hawai`i corporation, SPORTS    )
SHINKO (MILILANI) CO., LTD., a )
Hawai`i corporation, SPORTS    )
SHINKO (KAUAI) CO., LTD., a    )
Hawai`i corporation, SPORTS    )
SHINKO (PUKALANI) CO., LTD., a )
Hawai`i corporation, SPORTS    )
```

iii

```
SHINKO RESORT HOTEL              )
CORPORATION, a Hawai`i          )
corporation, SPORTS SHINKO      )
(WAIKIKI) CORPORATION, a        )
Hawai`i corporation and OCEAN   )
RESORT HOTEL CORPORATION, a     )
Hawai`i corporation,            )
                                )
          Third-Party           )
          Defendants.           )
_____ )

SPORTS SHINKO CO., LTD., a      )  Civ. No. 04-00127 ACK-BMK
Japanese corporation,           )
                                )
          Plaintiff,            )
                                )
     v.                         )
                                )
OR HOTEL, LLC, a Hawai`i        )
limited liability company, KG   )
HOLDINGS, LLC, a Hawai`i        )
limited liability company,      )
FRANKLIN K. MUKAI,              )
                                )
          Defendants,           )
                                )
     and                        )
                                )
FRANKLIN K. MUKAI,              )
                                )
          Third-Party           )
          Plaintiff,            )
                                )
     v.                         )
                                )
SPORTS SHINKO (USA) CO., LTD.,  )
a Delaware corporation; SPORTS  )
SHINKO (HAWAII) CO., LTD., a    )
Hawai`i corporation; SPORTS     )
SHINKO (MILILANI) CO., LTD., a  )
Hawai`i corporation; SPORTS     )
SHINKO (KAUAI) CO., LTD., a     )
Hawai`i corporation; SPORTS     )
SHINKO (PUKALANI) CO., LTD., a  )
Hawai`i corporation; SPORTS     )
SHINKO RESORT HOTEL             )
CORPORATION, a Hawai`i          )
```

iv

```
corporation; SPORTS SHINKO        )
(WAIKIKI) CORPORATION, a          )
Hawai`i corporation; and OCEAN    )
RESORT HOTEL CORPORATION, a       )
Hawai`i corporation,              )
                                  )
          Third-Party             )
          Defendants.             )
                                  )
                                  )
SPORTS SHINKO (USA) CO., LTD.,    )  Civ. No. 04-00128 ACK-BMK
a Delaware corporation,           )
                                  )
          Plaintiff,              )
                                  )
     v.                           )
                                  )
MILILANI GOLF CLUB, LLC,          )
a Hawai`i limited liability       )
company; KG HOLDINGS, LLC,        )
a Hawai`i limited liability       )
company, FRANKLIN K. MUKAI,       )
                                  )
          Defendants,             )
                                  )
     and                          )
                                  )
                                  )
FRANKLIN K. MUKAI,                )
                                  )
          Third-Party             )
          Plaintiff,              )
                                  )
     v.                           )
                                  )
SPORTS SHINKO CO., LTD., a        )
Japan corporation, SPORTS         )
SHINKO (HAWAII) CO., LTD., a      )
Hawai`i corporation, SPORTS       )
SHINKO (MILILANI) CO., LTD., a    )
Hawai`i corporation, SPORTS       )
SHINKO (KAUAI) CO., LTD., a       )
Hawai`i corporation, SPORTS       )
SHINKO (PUKALANI) CO., LTD.,      )
a Hawai`i corporation, SPORTS     )
SHINKO RESORT HOTEL               )
CORPORATION, a Hawai`i            )
corporation, SPORTS SHINKO        )
```

v

```
(WAIKIKI) CORPORATION, a        )
Hawai`i corporation, and        )
OCEAN RESORT HOTEL CORPORATION, )
a Hawai`i corporation,          )
                                )
            Third-Party         )
            Defendants.         )
_____)
```

## ORDER DENYING MOTION TO EXPUNGE LIS PENDENS

### BACKGROUND

The plaintiffs in these consolidated cases are Sports Shinko Co., Ltd., and Sports Shinko (USA) Co., Ltd., which are parent companies of various Sports Shinko subsidiaries.  In these consolidated cases, the plaintiff parent companies are creditors that are essentially complaining about the allegedly fraudulent transfer of property and assets from their subsidiaries (the debtors) to transferees (the defendants).[1/]  The motion before the Court in this order is brought in Civ. No. 04-00125 ACK-BMK.

The Second Amended Complaint in Civ. No. 04-00125 ACK-BMK alleges the following counts: (1) violation of Hawaii Revised Statutes ("H.R.S.") § 651C-5(a) against Defendants;[2/] (2)

_____

[1/]The factual and procedural background of these consolidated cases can be found in this Court's Order Denying Defendants' Motion for Summary Judgment in Civ. No. 04-00128 ACK-BMK (Mar. 29, 2006) and Order Granting in Part and Denying in Part Defendants' Motion for Reconsideration (July 19, 2006).

[2/]In this order, "Defendants" refers only to the defendants in Civ. No. 04-00125 ACK-BMK: Pukalani Golf Club, LLC, KG Maui
                                        (continued...)

1

violation of H.R.S. § 651C-4 against Defendants; (3) aiding and abetting and conspiracy to violate H.R.S. § 651C against Defendants; (4) breach of fiduciary duty against Mukai;[3/] (5) aiding and abetting a breach of, and conspiracy to breach, fiduciary duties against Defendants and Mukai; (6) deepening the insolvency by Mukai; (7) attorneys' fees against Defendants and Mukai; (8) rescission against Defendants; (9) creditor fraud against Mukai; and (10) punitive damages against all defendants. See Second Amended Complaint at 15-25 (July 12, 2005).[4/]

On February 20, 2004, Plaintiff[5/] filed a Notice of Pendency of Action in this Court in Civ. No. 04-00125 ACK-KSC; on February 23, 2004, Plaintiff recorded the Notice of Pendency of Action in the State of Hawaii Bureau of Conveyances and the State of Hawaii Office of Assistant Registrar.  See Reply, Exhibit D.

---

[2/](...continued)
Development, LLC, and KG Holdings, LLC.

[3/]In this order, "Mukai" refers to Defendant and Third-Party Plaintiff Franklin K. Mukai.

[4/]The Court notes that like the Second Amended Complaint, the original complaint asserted claims for fraudulent transfer. See Complaint (Feb. 20, 2004).

[5/]In this order, "Plaintiff" refers only to Sports Shinko (USA) Co., Ltd., the named plaintiff in Civ. No. 04-00125 ACK-BMK.  The Court notes, however, that the Memorandum in Opposition in this case was filed on behalf of all the Sports Shinko companies named as plaintiffs and third-party defendants in the consolidated cases.

On June 27, 2006, Defendants filed a Motion to Expunge Notice of Pendency of Action Filed on February 20, 2004 and a supporting Memorandum of Law ("Motion to Expunge"). On September 7, 2006, Plaintiff filed a Memorandum in Opposition ("Opposition"). On September 7, 2006, Mukai filed a Statement of No Opposition to the Motion to Expunge. On September 14, 2006, Defendants filed a Reply Memorandum in Support of Motion to Expunge the Notice of Pendency of Action ("Reply"). On September 25, 2006, the Court held a hearing on the Motion to Expunge.

## STANDARD

In determining the validity of a notice of pendency of action, more commonly called a lis pendens, Hawaii case law states that courts should generally restrict their review to the face of the complaint. Knauer v. Foote, 101 Hawaii 81, 83, 63 P.3d 389, 391 (Haw. 2003); S. Utsunomiya Enter., Inc. v. Moomuku Country Club, 75 Haw. 480, 505-06, 866 P.2d 951, 964 (Haw. 1994).[6] Under Hawaii law, the likelihood of success on the merits is irrelevant to determining the validity of a lis pendens. Utsunomiya, 75 Haw. at 505-06.

---

[6]The terms "notice of pendency of action" and "lis pendens" will be referred to interchangeably in this order.

3

**DISCUSSION**

A.    **Doctrine of Lis Pendens**

A lis pendens does not prevent title from passing to a grantee, but operates to cause the grantee to take the property subject to any judgment rendered in the action supporting the lis pendens. Utsunomiya, 75 Haw. at 502. The Hawaii Supreme Court has recognized that a recorded lis pendens has the practical effect of rendering a defendant's property "unmarketable and unusable as security for a loan. The financial pressure exerted on the property owner may be considerable, forcing him to settle" the suit to rid himself of the cloud upon his title. Id., 75 Haw. at 502-03, 512 (quoting La Paglia v. Superior Court, 264 Cal. Rptr. 63, 66 (Cal. Ct. App. 1989), which was abrogated on other grounds by Lewis v. Superior Court, 970 P.2d 872 (Cal. 1999)).[7]

In Hawaii, the doctrine of lis pendens is codified at Hawaii Revised Statute ("H.R.S.") § 634-51.[8] That statute

---

[7]Indeed, in this case, Defendants asserted in the motion that expungement of the lis pendens was necessary to permit a pledge of the Pukalani properties to obtain financing for improvements to an adjacent sewage treatment plant. However, Defendants note in the Reply that they have secured financing for the project, although they assert that the financing is "still conditional." See Reply at 1 n.2.

[8]H.R.S. § 634-51 governs non-registered land; H.R.S. § 501-151 governs land court registered property, authorizing the filing or recording of a lis pendens against registered land for "action[s] affecting the title to real property or the use and
(continued...)

4

states,

> In any action <u>concerning real property or affecting the title or the right of possession of real property</u>, the plaintiff, at the time of filing the complaint, and any other party at the time of filing a pleading in which affirmative relief is claimed, or at any time afterwards, may record in the bureau of conveyances a notice of the pendency of the action, containing the names or designations of the parties, as set out in the summons or pleading, the object of the action or claim for affirmative relief, and a description of the property affected thereby.  From and after the time of recording the notice, a person who becomes a purchaser or incumbrancer of the property affected shall be deemed to have constructive notice of the pendency of the action and be bound by any judgment entered therein if the person claims through a party to the action; provided that in the case of registered land, section 501-151 and sections 501-241 to 501-248 shall govern. This section authorizes the recording of a notice of the pendency of an action in a United States District Court, as well as a state court.

H.R.S. § 634-51 (emphasis added).

In <u>Utsunomiya</u>, the Hawaii Supreme Court held that "the <u>lis pendens</u> statute must be strictly construed and that the application of <u>lis pendens</u> should be <u>limited to actions directly</u>

---

[8]/(...continued)
occupation thereof."  <u>See</u> H.R.S. § 501-151; <u>Lathrop v. Sakatani</u>, 111 Haw. 307, 141 P.3d 480, 483 n.1 (Haw. 2006); <u>Knauer v. Foote</u>, 101 Haw. 81, 87-88, 63 P.3d 389, 395-96 (Haw. 2003).  In their papers, Defendants cite to H.R.S. § 634-51 (non-registered land) as the applicable statute in this case.  <u>See, e.g.</u>, Motion to Expunge at 12.  However, at the hearing, Defendants' counsel indicated that this case may involve both registered and non-registered property.  The Court finds that the analysis in this case is the same under either statute.  <u>See, e.g.</u>, <u>Knauer</u>, 101 Haw. 81 (making no distinction between the analysis under H.R.S. § 634-51 and H.R.S. § 501-151 in ruling on a motion to expunge a <u>lis pendens</u> where <u>lis pendens</u> was filed pursuant to both statutes).

<u>seeking to obtain title to or possession of real property</u>."
<u>Utsunomiya</u>, 75 Haw. at 510 (some emphasis added).  In so holding,
the Hawaii Supreme Court explicitly adopted the reasoning of the
California Court of Appeal in <u>Urez Corp. v. Superior Court</u>, 235
Cal. Rptr. 837 (Cal. Ct. App. 1987).  <u>See</u> <u>Utsunomiya</u>, 75 Haw. at
512 ("We find the discussion in <u>Urez</u> to be well-reasoned and
therefore adopt it here.  Such a narrow construction of Hawaii's
<u>lis pendens</u> statute is counseled by sound authority recognizing
the real potential for abuse of <u>lis pendens</u>.").

        Quoting <u>Urez</u>, the Hawaii Supreme Court found that an
action alleging a beneficial interest in a subject property for
the purpose of securing a claim for money damages is not an
action "affecting title or possession of real property" under the
<u>lis pendens</u> statute.  <u>See</u> <u>Utsunomiya</u>, 75 Haw. at 511-12 (quoting
<u>Urez</u>, 235 Cal. Rptr. at 842-843).  "[A]llegations of equitable
remedies, even if colorable, will not support a <u>lis pendens</u> if,
ultimately, those allegations act only as a collateral means to
collect money damages.  It must be borne in mind that the true
purpose of the <u>lis pendens</u> statute is to provide notice of
pending litigation and not to make plaintiffs secured creditors
of defendants nor to provide plaintiffs with additional leverage
for negotiating purposes."  <u>Utsunomiya</u>, 75 Haw. at 511-12
(emphasis removed) (quoting <u>Urez</u>, 235 Cal. Rptr. at 842-843).

Thus, the Hawaii Supreme Court found that the <u>lis pendens</u> should have been expunged in <u>Utsunomiya</u>, where the complaint sought recovery of a $200,000 real estate purchase deposit (and alleged an equitable lien in that amount), because the complaint was predominantly a fraud and breach of contract complaint seeking damages, in which plaintiff did not claim title to or a right of possession of the property. See <u>Utsunomiya</u>, 75 Haw. at 513.[9/]

The Hawaii Supreme Court's decision in <u>Utsunomiya</u>, including its specific holding that "the filing of a <u>lis pendens</u> must be limited in application to actions directly seeking to obtain title to or possession of real property," continues to be the seminal authority on <u>lis pendens</u> in Hawaii. See <u>Utsunomiya</u>, 75 Haw. at 484; <u>see also, e.g.</u>, <u>Knauer v. Foote</u>, 101 Haw. 81, 63 P.3d 389 (Haw. 2003) (relying on <u>Utsunomiya</u> in affirming

---

[9/] In <u>Urez</u>, the plaintiff was a former holder of a second deed of trust on property in which the security interest was lost (the deed of trust was rendered defunct) when the property was sold at a foreclosure sale. See <u>Urez</u>, 235 Cal. Rptr. 837. The plaintiff filed a complaint against the purchaser, alleging fraud with respect to the purchase of the property and seeking: a declaration that he held a beneficial interest in the property, a declaration that he held a lien against the property in the amount of the second deed of trust, and imposition of a constructive trust on the property. See <u>id.</u> The plaintiff recorded a <u>lis pendens</u>. The California Court of Appeal held that the <u>lis pendens</u> should have been expunged because the plaintiff's purported interest did not go to legal title or possession of the subject property; rather, the only interest plaintiff claimed in the property was for the purpose of securing money damages. See <u>id.</u>

expungement of <u>lis pendens</u>); <u>TSA Int'l Ltd. v. Shimizu Corp.</u>, 92 Haw. 243, 990 P.2d 713 (Haw. 1999) (same).

**B.    Hawaii Uniform Fraudulent Transfer Act**

In Civ. No. 04-00125 ACK-BMK, the case at issue here, Plaintiff's primary allegation is that the transfer of assets and real property from Plaintiff's subsidiary to Defendants was fraudulent as to Plaintiff (the creditor) under the Hawaii Uniform Fraudulent Transfer Act ("HUFTA"), codified at H.R.S. Chapter 651C.  <u>See</u> Second Amended Complaint at 15-16 (July 12, 2005).[10/]  In particular, Plaintiff alleges that the transfer was fraudulent pursuant to H.R.S. §§ 651C-5(a) and 651C-4.[11/]

---

[10/]See <u>supra</u> pages 1-2 for a summary of all counts alleged in the Second Amended Complaint.

[11/]H.R.S. § 651C-5(a) states:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claims arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor becomes insolvent as a result of the transfer or obligation.

H.R.S. § 651C-4 states, in part:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: With actual intent to hinder, delay, or defraud any creditor of the debtor; or Without receiving a reasonably equivalent value . . . .

(continued...)

8

Under the HUFTA, a plaintiff in a fraudulent transfer action may obtain, among other relief, "[a]voidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim" or "[a]ny other relief the circumstances may require." H.R.S. § 651C-7(a).[12/] Pursuant to this section, in this case Plaintiff has requested avoidance of the transfers to the extent necessary to satisfy Plaintiff's claim, as well as other relief. See Second Amended Complaint at 26.[13/]

---

[11/](...continued)

[12/]H.R.S. § 651C-7 states:

(a) In any action for relief against a transfer or obligation under this chapter, a creditor, subject to the limitations provided in section 651C-8, may obtain:
(1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim;
(2) An attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with the procedure prescribed by chapter 651;
(3) Subject to applicable principles of equity and in accordance with applicable civil rules of procedure:
(A) An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;
(B) Appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or
(C) Any other relief the circumstances may require.
(b) If a creditor has obtained a judgment on a claim against the debtor, the creditor may, if the court so orders, levy execution on the asset transferred or its proceeds.

[13/]Plaintiff requests that the Court: (1) declare that the transfer was fraudulent as to Plaintiff, (2) avoid the transfer
(continued...)

9

H.R.S. § 651C-8(b) discusses the remedy of avoidance available under H.R.S. § 651C-7(a)(1), stating: "Except as otherwise provided in this section, to the extent a transfer is voidable in an action by a creditor under section 651C-7(a)(1), the creditor may recover judgment for the value of the asset transferred . . . or the amount necessary to satisfy the creditor's claim, whichever is less."  H.R.S. § 651C-8(b).

**C.    Availability of <u>Lis Pendens</u> for a Fraudulent Transfer Action**

Defendant argues that Plaintiff's HUFTA claims are "claims for money damages only" and thus are not properly the subject of a <u>lis pendens</u>.  <u>See</u> Motion to Expunge at 8.  The Court disagrees.

Hawaii courts have not addressed the issue of whether a HUFTA claim - seeking avoidance of the transfer of real property to the extent necessary to satisfy the plaintiff/creditor's claim and/or seeking any other relief the circumstances may require, under H.R.S. § 651C-7(a) - is the proper basis for a <u>lis pendens</u> under the <u>lis pendens</u> statute, H.R.S. § 634-51.  Although this is an issue of first impression under Hawaii law, the California

---

[13]/(...continued)
to the extent necessary to satisfy Plaintiff's claims and/or grant Plaintiff any other relief appropriate under H.R.S. § 651C-7(a), (3) impose a constructive trust on all assets transferred to Defendants and all profits earned thereon, (4) order an accounting of all revenues received and expenses paid by Defendants in connection with the property, and (5) award Plaintiff general, special, and punitive damages.  <u>See</u> Second Amended Complaint at 26.

Supreme Court has addressed this exact issue under California law.

In <u>Kirkeby v. Superior Court</u>, the California Supreme Court analyzed whether a <u>lis pendens</u> was proper where the action was based on a claim under the California Uniform Fraudulent Transfer Act ("CUFTA"), which like the HUFTA, provided for "[a]voidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim." <u>See</u> <u>Kirkeby v. Superior Court</u>, 93 P.3d 395, 399 (Cal. 2004) (citing Cal. Civ. Code § 3439.07(a)(1)).[14/]  The court found that if successful, a claim under CUFTA "may result in the voiding of a transfer of title of specific real property.  By definition, the voiding of a transfer of real property will affect title to or possession of real property."  <u>Kirkeby</u>, 93 P.3d at 399-400; <u>see also</u> <u>id.</u> at 401 ("Kirkeby also asked the court to void the transfers of both properties to the extent necessary to satisfy the claims in her complaint.  As such, her fraudulent conveyance claim, if successful, will affect title to specific real property.").  Therefore, the court found, a fraudulent transfer action seeking avoidance of a transfer clearly affects title to, or the right to possession of, real property and is a proper basis for a <u>lis</u>

_____

[14/]The remedies available to creditors under HUFTA and CUFTA, including avoidance, are materially identical.  <u>Compare</u> H.R.S. § 651C-7 <u>and</u> H.R.S. § 651C-8(b) <u>with</u> Cal. Civ. Code § 3439.07 <u>and</u> Cal. Civ. Code § 3439.08(b).  Defendants' counsel concurred at the hearing that the language of HUFTA and CUFTA are similar.

pendens.  Id., 93 P.3d at 400.

The court in Kirkeby found additional support for permitting a lis pendens under the CUFTA provision that (like the HUFTA) entitles a creditor to seek "[a]ny other relief the circumstances require." Kirkeby, 93 P.3d at 401.[15/]  This broad remedial language, the court found, allows a lis pendens.  Id.

In analyzing the doctrine of lis pendens and its application to fraudulent transfer claims, the California Supreme Court in Kirkeby relied on two earlier California lis pendens cases.  Those same two cases - La Paglia and Urez - were relied on by the Hawaii Supreme Court in its seminal decision on lis pendens in Utsunomiya.  Indeed, as discussed above, the Hawaii Supreme Court explicitly adopted the reasoning of the Urez decision.  See Utsunomiya, 75 Haw. at 512 ("We find the discussion in Urez to be well-reasoned and therefore adopt it here.").[16/]

---

[15/]This remedial provision is identical in HUFTA and CUFTA. Compare H.R.S. § 651C-7(a)(3)(C) with Cal. Civ. Code § 3439.07(a)(3)(C).

[16/]California amended its lis pendens statutes in 1992, after Urez was issued and before Utsunomiya and Kirkeby were issued. See Hunting World, Inc. v. Superior Court, 26 Cal. Rptr. 2d 923, 925 (Cal. Ct. App. 1994).  However, the central principle of the California lis pendens statutes remains the same after the amendment.  Id.; compare, e.g., Cal. Civ. Proc. Code § 405.4 (2004) and Cal. Civ. Proc. Code § 405.20(2004) with Cal. Civ. Proc. Code § 409(a) (repealed 1992).  Indeed, in Kirkeby, the California Supreme Court continued to rely on the reasoning of La Paglia and Urez despite the amendment to the lis pendens
(continued...)

Just as the Hawaii Supreme Court in <u>Utsunomiya</u> found California case law to be instructive in analyzing the doctrine of <u>lis pendens</u> under Hawaii law, this Court finds that the Hawaii Supreme Court would likely find California case law in <u>Kirkeby</u> to be instructive in analyzing application of the doctrine of <u>lis pendens</u> to claims made under HUFTA. When precedent is lacking, the "general trend of Hawaiian courts is to look to California law in the absence of Hawaiian authority." <u>Locricchio v. Legal Services Corp.</u>, 833 F.2d 1352, 1357 (9th Cir. 1987); <u>see also</u> <u>Sutherland v. Kaonohi Ohana, Ltd.</u>, 776 F.2d 1425, 1427 n.4 (9th Cir. 1985) ("courts of Hawaii frequently look to decisions from California when deciding cases of first impression"). This Court finds the analysis in <u>Kirkeby</u> to be well reasoned and adopts it here.[17]

Thus, this Court finds that the instant action, in which Plaintiff makes fraudulent transfer claims under the HUFTA, seeking to avoid the transfer of real property to the extent necessary to satisfy Plaintiff's claims and/or to grant Plaintiff other relief under H.R.S. § 651C-7(a), is an appropriate subject of a <u>lis pendens</u> under the Hawaii doctrine of <u>lis pendens</u>,

---

[16]/(...continued)
statutes. <u>See</u> <u>Kirkeby</u>, 26 Cal. Rptr. 2d at 926.

[17]/<u>See also</u> <u>Hunting World, Inc. v. Superior Court</u>, 26 Cal. Rptr. 2d 923 (Cal. Ct. App. 1994) (finding that <u>lis pendens</u> may be based on a CUFTA action).

codified in H.R.S. § 634-51.  A fraudulent transfer action seeking such relief is seeking statutory avoidance of a real property transfer; the Court finds that such an action is "concerning real property or affecting the title or the right of possession of real property" under H.R.S. § 634-51.

Under H.R.S. 651C-7(a)(1), the transfer is avoided to the extent necessary to satisfy the creditor's claim.  Thus, to the extent necessary, title is transferred back to the debtor/transferor pursuant to the statute to be sold to satisfy the creditor's judgment, subject to any adjustment under H.R.S. § 651C-8(c).  See H.R.S. §§ 651C-7(a)(1), 651C-8(b), 651C-8(c).[18/] Accordingly, the creditor is entitled to a lis pendens under Utsunomiya as the action is directly seeking to obtain title and possession for the debtor/transferor.

Although the creditor/plaintiff is not directly seeking to obtain title for itself, it is enough that the creditor/plaintiff is directly seeking to obtain title for the debtor, on the creditor/plaintiff's behalf.  See Kirkeby, 93 P.3d 395; Hunting World, Inc. v. Superior Court, 26 Cal. Rptr. 2d 923 (Cal. Ct. App. 1994).  Thus, title to the property is at issue in the action and could be directly affected if the plaintiff is

---

[18/]Defendants' counsel concurred at the hearing that the transfer could be avoided so that the property could be sold to satisfy the money judgment of the creditor.

successful.[19]

The HUFTA provides a statutory remedy of avoidance, and thus an action seeking avoidance under HUFTA is not a true money damages action; in a HUFTA action, a judge does not rely on equitable powers to avoid the transfer because the remedy of avoidance is statutorily based. Thus, avoidance of the transfer is not a collateral means to collect money damages, it is a direct, statutory remedy. In contrast, typical tort and contract actions are actions for money damages, in which a judge could only order rescission or avoidance of a real property transfer as a collateral means of collecting the money damages using the court's equitable powers.[20]

---

[19]For these reasons, the Court is not persuaded by Defendants' argument that because § 8(b) of the Uniform Fraudulent Transfer Act ("UFTA") is derived from the Bankruptcy Code, but does not track the language of § 550(a) of the Bankruptcy Code, the remedy of voidance under the UFTA is somehow a strictly monetary remedy (despite the fact that avoidance of the transfer would involve directly obtaining title and possession of the property). See Motion to Expunge at 9-12; see also Uniform Fraudulent Transfer Act § 8 cmt. 2.

Similarly, the Court is not persuaded by Defendants' argument at the hearing that because title would not go to Plaintiff upon court-ordered voidance (but rather would go to the debtor/transferor to be sold in satisfaction of Plaintiff's judgment), the law suit does not directly seek title to or possession of real property, and thus a lis pendens is barred by Utsunomiya. The Court finds that such a voidance of the transfer would directly affect title to, and possession of, the real property and, therefore, the Hawaii Supreme Court would find that a lis pendens is proper.

[20]Since the Court has found that a claim under the HUFTA seeking avoidance of the transfer and/or any other relief the
(continued...)

15

Any other result would be inconsistent with the purposes of the lis pendens statute, which are to protect a plaintiff from having his claim to a property defeated by the subsequent alienation of the property to a bona fide purchaser during the course of the lawsuit and to assure that a court retains its ability to effect justice by preserving its power over the property. See Utsunomiya, 75 Haw. at 508 (noting that to ameliorate any harsh effects of the doctrine, statutes now require that the lis pendens be recorded).[21]

## CONCLUSION

In this case of first impression under Hawaii law, the Court finds that an action for fraudulent transfer brought under the Hawaii Uniform Fraudulent Transfer Act, seeking to avoid the transfer of real property to the extent necessary to satisfy Plaintiff's claims and/or to grant Plaintiff any other relief appropriate under the Act, is an appropriate subject of a lis

_____

[20](...continued)
circumstances require is a proper basis for a lis pendens, the Court need not reach the issues of whether a claim under HUFTA seeking a constructive trust or a separate claim seeking rescission would be appropriate bases for a lis pendens.

[21]The Court need not reach the issue of whether Defendants may be entitled to a lien on the property because that issue is not relevant to the Motion to Expunge and is not ripe. Additionally, Defendants indicate that they intend to bring a future motion to dismiss to argue that Plaintiff failed to name an indispensable party and that the Court lacks subject matter jurisdiction over this action. The Court will address these issues when raised by Defendant in a future motion.

pendens under Hawaii law.  A fraudulent conveyance action seeking such relief is seeking statutory avoidance of a real property transfer; the Court finds that such an action directly affects the title of real property pursuant to the lis pendens statute and Hawaii Supreme Court precedent in Utsunomiya.  Such an interpretation is further supported by California Supreme Court precedent in Kirkeby.  Accordingly, Defendant's Motion to Expunge is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 28, 2006.



_____
Alan C. Kay
Sr. United States District Judge

17