# ORIGINAL

Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

| | |
|---|---|
| PAUL ALSTON | 1126 |
| NEIL F. HULBERT | 1143 |
| GLENN T. MELCHINGER | 7135 |

18th Floor, Pacific Tower
1001 Bishop Street
Honolulu, Hawai'i 96813
Telephone: (808) 524-1800

Attorneys for Petitioner
Keijiro Kimura, Deputy Trustee in
Bankruptcy of SPORTS SHINKO
KABUSHIKI KAISHA

```
FILED
U.S. BANKRUPTCY COURT
DISTRICT OF HAWAII

02 NOV 25 PM 2:56
```

UNITED STATES BANKRUPTCY COURT FOR THE

DISTRICT OF HAWAI'I

AN NO. **02-04131**

In re:                                     )
                                           )
SPORTS SHINKO KABUSHIKI KAISHA,)   **PETITION TO COMMENCE CASE**
a Japan corporation,                       )   **ANCILLARY TO FOREIGN**
                                           )   **PROCEEDING UNDER 11 U.S.C.**
            Debtor.                        )   **§ 304**
                                           )
_____)

**PETITION TO COMMENCE CASE ANCILLARY TO
FOREIGN PROCEEDING UNDER 11 U.S.C. § 304**

1.  This Petition To Commence Case Ancillary to Foreign Proceeding (the "Petition") is filed pursuant to 11 U.S.C. § 304.

**I. JURISDICTION AND VENUE**

2.  This Court has jurisdiction under 28 U.S.C. § 1334. The Petition is filed pursuant to 11 U.S.C. §§ 101-1330, as amended.

207930-5 /6850-3         **EXHIBIT 2**

[Certification stamp: "I certify that this is a true copy of the document on file at the United States Bankruptcy Court, District of Hawaii. Michael B. Dowling, Clerk of Court By: ___ Deputy Clerk Date: OCT 30 2006 No of pages: 6"]

3. Venue is proper in this District pursuant to 28 U.S.C. § 1410(c) because Sports Shinko Kabushiki Kaisha's ("SS-Japan"-also known as Sports Shinko Co., Ltd.) principal assets in the United States are located within this District. The principal U.S. based assets of SS-Japan include: (1) over $50 million in principal and interest owed to it by subsidiaries; (2) direct and indirect ownership of various subsidiaries in Hawai`i and others in the U.S.; and (3) legal claims it may have against third parties relating to the U.S. based entities for, among other things, transfers of assets and breaches of fiduciary duty.

## II.  THE JAPANESE PROCEEDING

4. SS-Japan is the subject of an involuntary reorganization bankruptcy proceeding filed on January 28, 2002, in the District Court of Osaka, Japan (the "Japanese Proceeding").

5. The purpose of the Japanese Proceeding is to maximize the recovery of SS-Japan's assets, wherever they may be, and to administer them in accordance with Japanese bankruptcy law. *See* Decl. of Keijiro Kimura ("Kimura Decl.") at ¶¶ 4, 9-13.

6. The Japanese Proceeding constitutes a "foreign proceeding" pursuant to 11 U.S.C. §§ 101(23) and 304.

7. The Petitioner Keijiro Kimura is the Deputy Trustee in the Japanese Proceeding. The Deputy Trustee is a "Foreign Representative" pursuant to 11 U.S.C. §§ 101(24) and 304. Pursuant to 11 U.S.C. § 101(24) a

"foreign representative" includes any duly selected trustee, administrator, or other representative of an estate in a foreign proceeding. *See In re Kojima*, 177 B. R. 696 (Bankr. D. Colo. 1995) (finding Japanese bankruptcy estate administrator to be a "foreign representative").

8.   As Deputy Trustee in the Japanese Proceeding, Petitioner has the exclusive right to manage, control, and dispose of SS-Japan's assets in Hawai'i and elsewhere in the U.S. As such, Petitioner is now President of the Sports Shinko entities in the United States. *See* Kimura Decl. at ¶ 5-7.

### III. FACTUAL BACKGROUND

9.   SS-Japan was incorporated in Japan in 1959. SS-Japan is the parent corporation of Sports Shinko (USA) Co. Ltd. ("SS-USA"). SS-Japan owns 89.1% of the stock of SS-USA. *See* Kimura Decl. at ¶ 4.

10.   SS-USA owns all the stock of Sports Shinko (Hawaii) Co., Ltd. ("SS-Hawaii"). SS-USA also owns the following: La Costa Hotel and Spa Corp., La Costa Co., Inc., Encinitas Resort Corp. and Sports Shinko (Florida) Co., Ltd. (collectively, the "SS U.S. Entities"). *See* Ex. "B" to the Kimura Decl.

11.   SS-Hawaii owns the following subsidiaries: Sports Shinko (Kauai) Co., Ltd.; Sports Shinko (Mililani) Co., Ltd.; Sports Shinko (Pukalani) Co., Ltd.; Pukalani STP Co., Ltd. and Sports Shinko Resort Hotel Corp ("SS-RH")(collectively, the "SS-HI Entities"). SS-RH owns Ocean Resort Hotel Corp. and Sports Shinko (Waikiki) Corp. In addition, Sports Shinko (Mililani) Co., Ltd. owns Sure Transportation Inc. *See* Ex. "C" to the Kimura Decl.

12. Most of the information, witnesses, and documents regarding the SS-HI Entities, their assets, and the acts and omissions of their prior directors, officers, and employees, are located in Hawai`i or elsewhere in the U.S. *See* Kimura Decl. ¶ 15.

13. There is only very limited information in Japan. Extensive discovery is required to investigate the assets of SS-Japan and protect the interests of the creditors of SS-Japan and the SS-U.S. entities.

## IV. REQUEST FOR RELIEF

14. Petitioner needs access to information and the power to subpoena evidence from third parties in Hawai`i and elsewhere in the U.S. in order to aid the administration of and maximize the bankruptcy estate in Japan.

15. Pursuant to 11 U.S.C. §§ 105 and 304, the Petitioner seeks permission:

   a. To require any persons or entities in possession, custody or control of information pertaining to the assets and/or operations of SS-Japan's direct and indirect subsidiaries to preserve and turn-over the information to Petitioner in response to subpoenas;

   b. To conduct discovery under Bankruptcy Rule 2004 and investigate any transfers and wrongful acts for the purpose of identifying claims of SS-Japan and to recover assets for the benefit of the creditors of SS-Japan and its subsidiaries.

## V. STANDARD FOR GRANTING A RELIEF UNDER 11 U.S.C. § 304

16. Specifically, granting relief will ensure:

   a. Just treatment of all holders of claims against or interests in such estate;

  b. Protection of claim holders in the United States against prejudice and inconvenience in the processing of claims in such foreign proceedings;

  c. Prevention of preferential or fraudulent dispositions of property of the estate;

  d. Distribution of proceeds of such estate substantially in accordance with Japanese law and the Bankruptcy Code; and

  e. Comity.

  17. Granting the requested relief will enable Petitioner to enable the Trustee to pursue efforts to recover amounts owed to SS-Japan and its subsidiaries for the benefit of their creditors and promote an economical and expeditious reorganization of SS-Japan consistent with the standards set forth in Section 304(c).

  WHEREFORE, Petitioner requests that this Court enter an Order allowing Petitioner:

  A. To require any persons or entities in possession, custody or control of information pertaining to the assets, claims, and/or operations of SS-Japan and/or its direct and indirect subsidiaries, to preserve and turn-over the information to Petitioner in response to subpoenas;

  B. To conduct discovery under Bankruptcy Rule 2004 and investigate any transfers and wrongful acts for the purpose of identifying and pursuing claims of SS-Japan and its subsidiaries and to recover assets for the benefit of the creditors of SS-Japan and its subsidiaries.

  C. To pursue adversary proceedings seeking any other relief which may be appropriate to marshall the assets of the debtor and its subsidiaries to help promote an economical and expeditious reorganization of SS-Japan.

  DATED: Honolulu, Hawai'i, November 25, 2002.

*[signature]*

PAUL ALSTON
NEIL F. HULBERT
GLENN T. MELCHINGER
Attorneys for Petitioner
Keijiro Kimura, Deputy Trustee in
Bankruptcy of SPORTS SHINKO
KABUSHIKI KAISHA