IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO CO., LTD., <br>     Plaintiff, <br> vs. <br> QK HOTEL, LLC, et al., <br>     Defendants, <br> and <br> FRANKLIN K. MUKAI, <br>     Third-Party Plaintiff, <br> vs. <br> SPORTS SHINKO (USA) CO., LTD., et al., <br>     Third-Party Defendants, <br> and <br> SPORTS SHINKO (HAWAII) CO., LTD., et al., <br>     Third-Party Defendants/ <br>     Counterclaimants, <br> vs. <br> QK HOTEL, LLC, et al., <br>     Third-Party Counterclaim Defendants. <br> AND CONSOLIDATED CASES | CV 04-00124 ACK-BMK <br> CV 04-00125 ACK-BMK <br> CV 04-00126 ACK-BMK <br> CV 04-00127 ACK-BMK <br> CV 04-00128 ACK-BMK <br><br> CONSOLIDATED CASES <br><br> DECLARATION OF ROBERT A. MARKS |

## **DECLARATION OF ROBERT A. MARKS**

Pursuant to 28 U.S.C. § 1746, ROBERT A. MARKS states as follows:

1.     I am an attorney licensed to practice law before this court.

2. I am counsel for the following parties in the captioned consolidated actions: Kiahuna Golf Club, LLC, KG Kauai Development, LLC, Pukalani Golf Club, LLC, KG Maui Development, LLC, Mililani Golf Club, LLC, QK Hotel, LLC, OR Hotel, LLC, and KG Holdings, LLC (collectively, "KG").

3. On November 16, 2006, KG filed its Motion to Dismiss CV. Nos. 04-00125 ACK-BMK, 04-00126 ACK-BMK and 04-00128 ACK-BMK For Lack Of Subject Matter Jurisdiction ("Motion"). The Motion is set for hearing on February 12 at 9:30 a.m. before the Honorable Alan C. Kay, Senior United States District Judge.

4. On November 16, 2006, KG filed an *ex parte* motion seeking to file under seal exhibits 6, 7, 8, 10, 11 and 12 to the Motion (the "Exhibits"), which were marked "confidential" by the SS entities[1] pursuant to the Stipulated Protective Order filed herein on January 25, 2005.

5. On November 17, 2006, the Court entered its Order Regarding Ex Parte Motion to Seal Documents ("Order on Ex Parte Motion"), in which it granted leave to KG to file an amended motion to seal and directed compliance with the

---

[1] "SS entities" refers to plaintiffs Sports Shinko Co., Ltd. and Sports Shinko (USA) Co., Ltd., and third party defendants Sports Shinko (Hawaii) Co., Ltd., Sports Shinko (Mililani) Co., Ltd., Sports Shinko (Kauai) Co., Ltd., Sports Shinko (Pukalani) Co., Ltd., Sports Shinko Resort Hotel Corporation, Sports Shinko (Waikiki) Corporation, and Ocean Resort Hotel Corporation.

requirements of <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172 (9th Cir. 2006) ("<u>Kamakana</u>").

  6. Since receiving the Order on Ex Parte Motion, I believe I have been diligent in working with the attorneys for the SS Entities to resolve the manner in which the Exhibits may be filed as follows:

  A. On November 17, 2006, I sent Glenn Melchinger, counsel for the SS entities, an e-mail asking whether the SS entities would waive the "confidential" designation to the Exhibits.

  B. On November 20, 2006, Mr. Melchinger responded to my November 17 e-mail, stating he would not waive the confidential designation on the Exhibits, and asked that I prepare proposed redactions to the Exhibits.

  C. On November 20, 2006, I submitted proposed redactions of the Exhibits to Mr. Melchinger.

  D. Having not heard from Mr. Melchinger in response to my November 20 proposed redactions, on November 27, 2006, I wrote Mr. Melchinger again, requesting his comments on the proposed redactions, asking Mr. Melchinger to "advise whether we will settling or litigating the issue of the exhibits to be filed under seal.  If we're not settling, I need to get a motion filed soon."  Also on November 27, I sent Mr. Melchinger a proposed stipulation to file in connection with the proposed redacted Exhibits.

  E. On December 8, 2006, in response to my phone call earlier that day, Mr. Melchinger left a voice mail message for me stating that he expected to hear from his clients regarding my proposed redacted Exhibits and stipulation. I confirmed Mr. Melchinger's voice message in an e-mail on December 14, 2006, and added: "I can't allow this issue to delay the hearing on the [Motion] and I can't fathom why we haven't worked this out by stipulation or joint motion by now. I have been waiting for your response to my proposal for almost a month. Please let me hear from you early next week with a concrete proposal."

  F. On December 16, 2006, Mr. Melchinger responded to me by e-mail, stating that he had heard from his clients and proposed further redactions. Mr. Melchinger also provided redlined edits to the proposed stipulation I had sent him on November 27. In addition, Mr. Melchinger stated: "I believe we will be able to do a stipulation with the redaction of the third party personal information only (namely, SSNs) on the exhibits. I am confirming with them."

  G. In an e-mail sent on December 17, 2006, I asked Mr. Melchinger for clarification about the redactions he proposed on December 16 (namely, whether the new proposed redactions are in addition to, or instead of, the redactions I had sent previously.) I needed this information so I could send him a draft of further redactions to the Exhibits that meet his expectations.

      H.     On December 18, 2006, I left Mr. Melchinger a voice mail asking him to clarify what further redactions he sought to the Exhibits.  Later on December 18, Mr. Melchinger responded to me by e-mail, stating, "I received your voicemail.  As I indicated in my 12/16 email below, I am still confirming what we will have authority to do."

      I.     I responded to Mr. Melchinger's December 18 e-mail on December 18, stating, "as you have already heard from your client (per your 12/16 e-mail), what's left for them to decide?  As I have stressed repeatedly, we need to get this issue resolved very soon by agreement, or I will file a motion.  Please let me hear from you definitively by Wednesday morning."

      J.     I have not had any further response from Mr. Melchinger to my December 18, 2006 e-mail.

     7.     As it is the SS entities' confidentiality interest at stake in the Exhibits, I believe the SS entities should be ordered to show cause why the Exhibits can be filed under seal consistent with the requirements of _Kamakana_ or redacted in a manner that is acceptable to the Court and the parties.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, December 20, 2006.

                                            /s/ Robert A. Marks
                                            ROBERT A. MARKS