~~PRICE OKAMOTO HIMENO & LUM~~

~~WARREN PRICE III        1212~~
~~ROBERT A. MARKS        2163~~
~~707 Richards Street, Suite 728~~
~~Honolulu, Hawaii  96813~~
~~Phone: 808.538.1113~~
~~Fax: 808.533.0549~~
~~e-mail: ram@pohlhawaii.com~~

~~Attorneys for All Defendants in~~
~~D. Hawaii CV 04-00124, 04-00125~~
~~04-00126, 04-00127 & 04-00128:~~
~~KIAHUNA GOLF CLUB, LLC,~~
~~KG KAUAI DEVELOPMENT, LLC,~~
~~PUKALANI GOLF CLUB, LLC,~~
~~KG MAUI DEVELOPMENT, LLC,~~
~~MILILANI GOLF CLUB, LLC,~~
~~QK HOTEL, LLC, OR HOTEL, LLC,~~
~~AND KG HOLDINGS, LLC~~2160-1
Of Counsel:
BURKE McPHEETERS BORDNER & ESTES

WILLIAM A. BORDNER 1371-0
(bbordner@bmbe-law.com)
JOHN REYES-BURKE 6251-0
(jburke@bmbe-law.com)
Suite 3100 - Mauka Tower
Pacific Guardian Center
737 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 523-9833
Fax No. (808) 528-1656

Attorneys for Defendant
and Third-Party Plaintiff
FRANKLIN K. MUKAI

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO CO., LTD.,<br><br>      Plaintiff,<br><br>    vs.<br><br>QK HOTEL, LLC, a Hawaii limited<br>liability company,<br><br>      Defendant. | CV 04-00124 ACK-BMK<br><br>STIPULATED PROTECTIVE<br>ORDER REGARDING THE<br>PROTECTION OF<br>CONFIDENTIAL INFORMATION;<br>ORDER; EXHIBIT A |
| SPORTS SHINKO (USA) CO., LTD.,<br>a Delaware corporation,<br><br>      Plaintiff,<br><br>    vs.<br><br>PUKALANI GOLF CLUB, LLC, a<br>Hawaii limited liability company and<br>KG MAUI DEVELOPMENT, LLC, a<br>Hawaii limited liability company,<br><br>      Defendants. | CV 04-00125 ACK-BMK |
| SPORTS SHINKO (USA) CO., LTD.,<br>a Delaware corporation,<br><br>      Plaintiff,<br><br>    vs.<br><br>KIAHUNA GOLF CLUB, LLC, a<br>Hawaii limited liability company; KG<br>KAUAI DEVELOPMENT, LLC, a<br>Hawaii limited liability company;<br>PUKALANI GOLF CLUB, LLC, a<br>Hawaii limited liability company; KG<br>MAUI DEVELOPMENT, LLC, a<br>Hawaii limited liability company;<br>MILILANI GOLF CLUB, LLC, a<br>Hawaii limited liability company; QK<br>HOTEL, LLC, a Hawaii limited | CV 04-00126 ACK-BMK |

liability company; OR HOTEL, LLC,
a Hawaii limited liability company;
and KG HOLDINGS, LLC, a Hawaii
limited liability company;

     Defendants.

SPORTS SHINKO CO., LTD.,

     Plaintiff,

  vs.

OR HOTEL, LLC, a Hawaii limited
liability company,

     Defendant.

CV 04-00127 ACK-BMK

SPORTS SHINKO (USA) CO., LTD.,
a Delaware corporation,

     Plaintiff,

  vs.

MILILANI GOLF CLUB, LLC, a
Hawaii limited liability company,

     Defendant.

CV 04-00128 ACK-BMK

~~STIPULATED PROTECTIVE ORDER REGARDING THE~~
~~PROTECTION OF CONFIDENTIAL INFORMATION~~

~~This stipulated protective order is sought pursuant to Rule 26(c) of the~~

~~Federal Rules of Civil Procedure on behalf of counsel for all parties to these~~

~~consolidated cases in order to protect information the Parties deem confidential and~~

~~to expedite the flow of discovery materials, promote the prompt resolution of~~

~~disputes over confidentiality, and facilitate the preservation of confidentiality of~~

~~material deemed worthy of protection.~~

WHEREAS the parties have served or may serve discovery calling for the disclosure of information which the other party or parties may consider confidential and sensitive,

IT IS HEREBY STIPULATED AND AGREED BETWEEN THE PARTIES, who hereby also jointly apply and request that the Court order, as follows:

1. Definitions.

1.1 "Confidential Document" means any document, material or thing which contains Confidential Information which any Producing Party designates as "Confidential" at any time and in any manner set forth in any part of this Stipulation.  No Party waives the right to challenge any other Party's designation of any document or other material as "Confidential".

1.2 "Confidential Information" means (a) non-public financial information, including without limitation, financial statements and other documents pertaining to the financial condition of an entity or any of its affiliates or related entities; (b) trade secrets pursuant to the Uniform Trade Secrets Act, HRS Ch. 482B; (c) other non-public business information, including without limitation, pricing and leasing data, business plans and projections, appraisals, development and commercial information that is not publicly available, (d) any

~~information entitled to protection pursuant to applicable law, and (e) any~~

~~information a Party in good faith believes to be confidential.~~

~~**1.3**"Defendants" means the defendants in this Litigation.~~

~~**1.4**"Producing Party" shall mean any party to the Litigation, or any~~

~~other person or entity producing documents, information or other materials in the~~

~~Litigation.~~

~~**1.5**"Legend" shall mean a clearly visible stamp or other similar~~

~~insignia stating "CONFIDENTIAL" or other appropriate term or terms connoting~~

~~the confidentiality of the document, material or thing.~~

~~**1.6**"Party" or "Parties" shall mean the parties to this Litigation.~~

~~**1.7**"LITIGATION" SHALL MEAN THE CAPTIONED CONSOLIDATED~~

~~ACTIONS.~~

## AMENDED STIPULATED PROTECTIVE ORDER

This Amended Stipulated Protective Order is entered into by counsel on behalf of all Parties to the above-captioned consolidated matters, pursuant to Fed.R.Civ.P. 26(c), in order to protect information which the Parties deem confidential, to expedite the flow of discovery materials, to promote the prompt resolution of disputes over confidentiality, and to facilitate the preservation of confidentiality of information deemed worthy of protection pursuant to applicable law.

WHEREAS the Parties have served or may serve discovery calling for the disclosure of information which another Party or Parties may consider confidential and sensitive; and

WHEREAS since the entry of the Stipulated Protective Order Regarding The Protection Of Confidential Information filed on January 25, 2005 ("SPO"), the Court of Appeals for the Ninth Circuit has issued the decision in Kamakana v. City and County of Honolulu, 447 F.3d 1172 (9th Cir. 2006) which provides for standards for confidentiality including the use of purportedly confidential materials in connection with substantive motions, which standards are inconsistent with the SPO;

NOW IT IS THEREFORE STIPULATED AND AGREED BETWEEN THE PARTIES, who hereby also jointly apply and request that the Court order, as follows:

1.    Definitions.

1.1    "Confidential Document" means any document, material or thing which contains Confidential Information which any Producing Party designates as "Confidential" at any time and in any manner set forth in any part of the SPO or this Amended Stipulated Protective Order.  No Party waives the right to challenge any other Party's or any Producing Party's designation of any document, material or thing as "Confidential."

1.2    "Confidential Information" means

(a)    non-public financial information, including without limitation, financial statements and other documents pertaining to the financial condition of any person or entity, or any of their or its affiliates or related entities;

(b)    trade secrets within the meaning of Haw.Rev.Stat. Chapter 482B, the Uniform Trade Secrets Act;

(c)    other non-public business information, including without limitation, fees or billing information, pricing and leasing data, business plans and projections, appraisals, development and commercial information that is not publicly available;

(d)    any information entitled to protection pursuant to applicable law; and

(e)    any information a Party believes in good faith to be confidential.

1.3    "Producing Party" means any Party to this Litigation, or any other person or entity producing documents, information or other materials or things in this Litigation.

1.4    "Legend" means a clearly visible stamp or other insignia stating "CONFIDENTIAL" or other appropriate term of terms connoting the confidentiality of the document, material or thing.

1.5    "Party" or "Parties" means the parties to this Litigation.

1.6    "Litigation" means the above-captioned consolidated matters.

2.    Limitations on Use.  Any Confidential Document produced in this Litigation shall not be used for any purpose other than discovery, motions, briefs, the trial and preparation for ~~trial and any related appellate proceeding in this Litigation and for no other purpose.~~ trial, and any appellate proceedings related to this Litigation, and shall not be used for ~~Confidential Documents and~~purposes unrelated to this Litigation.  Except as otherwise required by law, any Confidential Document, as well as any summaries, charts, or notes made therefrom, and any facts or information contained therein or derived therefrom, shall be disclosed only to the ~~Court and to:~~ Court, and to:

2.1    Parties ~~to the Litigation and the~~and their employees, officers, agents ~~and~~or directors ~~of such Parties who~~such Party has determined have a need to review the information in connection with the Litigation;

~~2.3~~2.2attorneys for the Parties and ~~their~~the attorneys' employees, agents, paralegals or other support staff;

2.3    court reporters~~who are~~ involved in oral depositions, records depositions, trial or any hearings or proceedings before the Court in ~~the Litigation; and~~ this Litigation;

2.4   independent contractors, experts, consultants or advisors who are employed or retained by, or consulted about retention on behalf ~~of any of the Parties or counsel for the Parties to assist in preparation of the Litigation;~~ of, any Party or any Party's counsel to assist in the Litigation;

~~2.5deponents, other~~deponents and trial witnesses, including any Party witnesses as well as third-party witnesses, and their counsel, who have a need to review ~~this material~~Confidential Documents and/or Confidential Information during the course of, or in connection with, depositions taken ~~in or for the Litigation;~~

~~2.6~~2.5 or ~~third party witnesses in the Litigation who need to review this material prior to or in connection with potential testimony in this action.~~testimony given in or for this Litigation;

3.   Duty to Advise of Order.  ~~Unless the Producing Party agrees otherwise,~~Subject always to the terms of this Amended Stipulated Protective Order, Confidential Documents and/or Confidential Information may be disclosed only to persons referred to in paragraphs 2.1, ~~2.2~~2.2 and 2.3 of this Amended Stipulated Protective Order only after such person has been advised of the terms and operation ~~of this Stipulation.~~hereof.

4.   Persons Required to Read Stipulation.  ~~Unless the Producing Party agrees otherwise,~~Subject always to the terms of this Amended Stipulated

Protective Order, Confidential Documents and/or Confidential Information may be disclosed to persons referred to in paragraphs 2.4, 2.5 and 2.62.4 and 2.5 only after such person has been shown a copy of this Stipulation and signsAmended Stipulated Protective Order and has signed a statement in the form attached as Exhibit A.  The signed Exhibits willstatements shall be retained by the party (or the party's Party (or its counsel) who retained or consulted with the person referred to in paragraphs 2.3, 2.4, 2.5 and 2.6.  The signed Exhibitssigning such statement. The signed statements shall not be discoverable except on a showing of good cause and order by the Court, or by agreement. pursuant to Fed.R.Civ.P. 26(b), pursuant to court Order, or by agreement of the Party who retained or consulted the person signing such statement.

5. Designation of Documents to be Produced.  A ProducingAny Party may designate any document or portion thereof which contains Confidential Information as "Confidential" pursuant to this Stipulation, by affixing the Legend to any document containing, or which theConfidential pursuant to this Amended Stipulated Protective Order, by affixing an appropriate Legend to any such document or portion Producing Party believes contains, Confidential Information, or takethereof, or by taking such other reasonable steps to identify to all other Parties said documents as Confidential.Absent an agreement of the Parties, non-party Producing Parties shall be required to seek a Court Order or other appropriate

relief in order to designate any document, material, thing or information as Confidential.

6.~~1~~5.  Designation of Previously Produced Documents.  ~~Each~~Any Party may designate as "Confidential" any documents that have been previously~~been~~ produced or disclosed without such designation by any non-party Producing Party, within 30 days of the initial production of such documents, provided that the documents designated as Confidential contain Confidential Information of the designating ~~Party,~~Party.  Such designation of previously produced documents shall be done in the following manner:

6.~~1~~5.1 Parties may designate such documents by sending written notice of such designation, accompanied by copies of the designated documents bearing the Legend,~~or a list of Bates Numbers~~ to all other Parties~~in possession or custody of such previously undesignated documents.  Any Party receiving such notice and copies of designated documents pursuant to this subparagraph shall, within fourteen (14) days of receipt of such notice, return to the designating Party all~~to this Litigation, together with a request that any copies of such documents ~~in their custody or possession not bearing the~~not ~~Legend, or shall affix the Legend to all such copies.~~bearing the Legend shall either be returned to the designating Party, or shall have the Legend affixed thereto, all at the expense of the designating Party, and the Parties receiving such a request shall, within 7 days, comply or give notice

that they disagree with the new confidential designation, in which instance, the Party seeking the Confidential designation shall seek relief from the Court regarding the same;

~~7~~5.2   To further the purposes of this paragraph 6, all documents produced by any non-party Producing Party will be treated as confidential for ~~the thirty (30) day period after~~30 days after initial production to permit any Party to ~~seek protection for any Confidential Document.~~invoke this subparagraph 6.

~~7~~6.    Designation of Depositions. ~~In the case of Confidential Information revealed during a deposition or hearing, if designation of a transcript or any portion thereof, including exhibits, is made by a statement by counsel to that effect on the record, or is otherwise made~~If a Party seeks to designate as Confidential any transcript of an oral deposition or portion thereof, counsel for such Party shall make a statement to that effect on the record at the time of such oral deposition, and shall instruct the court ~~before the court reporter transcribing such deposition has disseminated to counsel for the Parties the transcript of the deposition, the court reporter shall affix the Legend to the cover page and all appropriate pages of the transcript, and to each copy thereof.  Parties may also make designations of Confidential Information when deposition corrections, if any, are served (e.g., 30 days after receipt of the transcript from the court reporter, or later if agreed upon by the Parties.)~~reporter to affix the Legend to each copy of such transcript,

including the cover page and all pages of the transcript so designated.  A Party may

also designate deposition corrections containing Confidential Information by

noting such designation on the correction document signed and returned to the

Court reporter, or by giving written notice to all other Parties within 7 days of

receipt of such deposition correction document signed by any person not associated

with such Party.

87.    Filing ~~Under Seal.  In the event that~~of Confidential Documents and/or

Confidential Information.  In the event that any Party seeks to file with the Court

any Confidential Document or Confidential Information, such Party shall make

such filing **without** including such Confidential Document or Confidential

Information, but including appropriate language to indicate that the exhibits or

other materials proposed to be filed are subject to this Amended Stipulated

Protective Order.  Within 7 days after service of such filing and service of an

unredacted copy of such filing to indicate precisely to the recipient the

Confidential Document or Confidential Information ~~derived therefrom is included~~

~~with, or the contents thereof are disclosed in, any documents filed with the Clerk of~~

~~this Court or any other court, including without limitation,~~to be included therewith,

the Party designating as Confidential the proposed exhibits or materials shall apply

to the Court for appropriate relief to allow for the sealing or other confidential ~~any~~

~~pleadings, motions, briefs or deposition transcripts, such documents shall, upon~~

~~prior application to and approval by the court,~~ be filed under seal in an envelope bearing the words: "Confidential pursuant to Protective Order entered by the Court on ————————, 2005", or "Confidential, Filed Under Seal Pursuant to Protective Order", or words of similar effect, and subject to the Court's convenience and needs, shall be kept under seal by the Clerk until further order of the Court.~~treatment thereof. Failure of any Party designating such proposed exhibits or materials as Confidential to apply for relief within 7 days of service of the filing, together with the unredacted copy referred to above, shall constitute a waiver of any claim of confidentiality or other protection, and each such proposed exhibit or other materials may be filed in the public record and shall thereafter be deemed to be public information unburdened by the terms hereof.

98.    Objections to Designation. ~~In the event that any Party objects to the designation of any document as "Confidential, the objecting Party may seek modification of the designation pursuant to this Stipulation and Order and the applicable rules of procedure. Such disputed~~If any Party deems that any document, material or thing has been inappropriately designated as Confidential, such Party may object to any such designation and seek modification of such designation by requesting that the Party so designating ~~documents or discovery material shall be deemed confidential unless and until the Court rules otherwise. However, nothing in this Stipulation prevents a Party who designated a document~~

11

as Confidential from agreeing to remove the Confidential designation.the document, material or thing make a showing sufficient to justify such treatment under applicable law and procedure.  If the Parties are unable to agree as to any such objection, then within 7 days after service on all Parties of written notice by the Party so objecting, the Party designating any such document, material or thing as confidential shall bring an appropriate application or motion to preserve the status of any such document, material or thing as Confidential under the terms hereof.  Failure of any Party designating such document, material or thing Confidential to apply for relief within 7 days of service of the aforementioned written notice shall constitute a waiver of any claim of confidentiality or other protection, and each such document, material or thing shall thereafter be deemed to be public information unburdened by the terms hereof.

10Subpoena ofRequests for Confidential Documents.  If at any time any document or information protected by this Stipulation is subpoenaed orAmended Stipulated Protective Order is requested by any other person or entity purporting to have authority to require its production, or is the subject of a subpoena the production of such information,duces tecum issued by a court of competent jurisdiction, the Party to whom the request or subpoena or other requestduces tecum is directed shall immediately give written notice

thereof to ~~any Producing Party which has designated such information "Confidential".~~

9. the Party designating such document or information as Confidential. Upon the sending of such written notice, together with a copy of any such request or subpoena duces tecum, the Party to whom the request or subpoena duces tecum is directed shall have no further obligation to preserve or otherwise protect from disclosure any such document or information, provided such Party cooperates with the Party designating such document or information as confidential in seeking appropriate relief from a court of competent jurisdiction. If, however, the obligations of the Party to whom such request or subpoena duces tecum is directed require production within a specified time, failure of the Party designating such document or information as Confidential to obtain appropriate relief or otherwise obviate such Party's aforementioned obligations shall constitute a waiver of any claim of confidentiality or other protection, and such documents or information shall thereafter be deemed to be public information unburdened by the terms hereof.

~~11~~10. Continuation of Protection ~~after~~After Disposition.  All documents and information designated as ~~confidential~~Confidential pursuant to this Amended Stipulated Protective Order, except such documents, information, materials or things for which such designation has been objected to, ~~Stipulation~~waived, or

otherwise disposed of pursuant to the terms hereof, shall be maintained by the Parties and their~~counsel in safe, secure facilities in a manner that will prevent access by anyone not bound by~~ ~~this Stipulation.~~representatives in a manner designed to prevent unauthorized access.  The termination of this Litigation shall not relieve ~~the Parties~~any Party from the obligation of maintaining the confidentiality of ~~all~~any such Confidential Documents and Confidential Information ~~produced and designated pursuant to this Stipulation,~~which remain subject to this Amended Stipulated Protective Order, unless the Court orders or permits otherwise.  Upon~~written request, after the~~ final disposition of the Litigation, the ~~attorneys for the Parties shall either:~~Parties shall:

~~11.1~~10.1    ~~Return promptly to the Producing Party, from whom it was obtained, any document which has been designated "Confidential" and all copies thereof;~~designate any such document, material or thing which the Party or the Party's attorney reasonably believes should be maintained as a part of their Litigation files by sending written notice of such designation and reasonably identifying the documents, materials, or things to be so maintained;

10.2    return promptly to the Party designating any such documents, materials, or things as Confidential all such designated documents, materials, or things and all copies thereof, at the expense of the Party so designating; or

~~11.2~~10.3    ~~Destroy~~destroy all documents which ~~have been designated "Confidential"~~remain subject hereto, and provide certification of the steps taken to ~~that effect.  The Parties and their counsel will not be required to return or destroy any of their work product and may keep a set of all documents filed~~effect such destruction, at the expense of the Party so designating such documents, materials, or things as Confidential hereunder.  Payment by the Party designating ~~with the Court and deposition transcripts with exhibits.  All terms of this Stipulation shall survive and remain in effect after the termination of the Litigation.~~such documents, materials or things as Confidential for the costs, fees and expenses incurred by any other Party for such destruction and certification shall be made within 30 days after presentation of an invoice therefor to such Party's attorneys.

11.    Later-Named Parties and Non-Parties.  This ~~Stipulation shall apply to all Parties ,~~Amended Stipulated Protective Order shall apply to all Parties, including all Parties that may be brought into this ~~case after execution of this Stipulation,~~Litigation after the approval hereof, and to all non-parties~~producing or receiving Confidential Information~~ who agree to be bound by its provisions.

12.    Effect of SPO.  This Amended Stipulated Protective Order shall supersede the SPO in all respects, provided, however, documents and information

designated as confidential under the SPO shall continue to have protection

provided hereby, subject to the provisions hereof.

DATED: Honolulu, ~~Hawaii,~~ ——————————— ~~Hawai`i,~~

_____

~~WARREN PRICE III~~
~~ROBERT A. MARKS~~

~~Attorneys for Defendants KIAHUNA GOLF~~
~~CLUB, LLC, KG KAUAI DEVELOPMENT,~~
~~LLC, PUKALANI GOLF CLUB, LLC, KG MAUI~~
~~DEVELOPMENT, LLC, MILILANI GOLF~~
~~CLUB, LLC, QK HOTEL, LLC, OR HOTEL,~~
~~LLC, and KG HOLDINGS, LLC~~

~~PAUL ALSTON, ESQ.~~
~~GLENN T. MELCHINGER, ESQ.~~

~~Attorneys for Plaintiffs SPORTS SHINKO CO.,~~
~~LTD. and SPORTS SHINKO (USA) CO., LTD.~~

~~APPROVED AND SO ORDERED:~~

~~Judge of the Above-Entitled Court~~

STIPULATED PROTECTIVE ORDER REGARDING THE PROTECTION OF
CONFIDENTIAL INFORMATION; Sports Shinko Co., Ltd. v. QK Hotel, LLC,
D. Hawaii CV Nos. 04-0124 and consolidated cases

~~EXHIBIT "A"      I,~~ _____ ~~, declare that I have~~

~~read the Application For Stipulated Protective Order Regarding The~~

~~Protection Of Confidential Information; Order; Exhibit A, dated~~

_____ ~~, and filed in~~ ~~Sports Shinko Co., Ltd. v. QK Hotel, LLC, D.~~

~~Hawaii CV No. 04-124 ACK-BMK and consolidated cases ("Protective~~

~~Order").  I understand and agree to abide by the terms of the Protective~~

~~Order, and consent to the jurisdiction and venue of the United States~~

~~District Court for the District of Hawaii for purposes of enforcement of~~

~~the Protective Order.~~


~~DATED:~~ _____

_____
_____          ~~Signature~~