2160-1

Of Counsel:
BURKE McPHEETERS BORDNER & ESTES

WILLIAM A. BORDNER 1371-0
(bbordner@bmbe-law.com)
JOHN REYES-BURKE 6251-0
(jburke@bmbe-law.com)
Suite 3100 - Mauka Tower
Pacific Guardian Center
737 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 523-9833
Fax No. (808) 528-1656

Attorneys for Defendant
FRANKLIN K. MUKAI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO (USA) CO., LTD., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MILILANI GOLF CLUB, LLC, a Hawai`i limited liability company; KG HOLDINGS, LLC, a Hawai`i limited liability company, FRANKLIN K. MUKAI,<br><br>Defendants. | CIVIL NO.  04-00128 ACK/BMK<br><br>DEFENDANT FRANKLIN K. MUKAI'S **ANSWER TO THIRD AMENDED COMPLAINT FILED JANUARY 19, 2007**; DEMAND FOR JURY TRIAL; CERTIFICATE OF SERVICE |

## DEFENDANT FRANKLIN K. MUKAI'S ANSWER
## TO THIRD AMENDED COMPLAINT FILED JANUARY 19, 2007

Defendant Franklin K. Mukai ("Mukai"), by and through his undersigned counsel, hereby responds to the Third Amended Complaint filed January 19, 2007, as follows:

### PARTIES

1.    Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Third Amended Complaint.

2.    In response to paragraph 2 of the Third Amended Complaint, Defendant Mukai admits that Mililani Golf Club, LLC is a Hawaii limited liability company. Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

3.    In response to paragraph 3 of the Third Amended Complaint, Defendant Mukai admits that KG Holdings, LLC is a Hawaii limited liability company. Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

4.    In response to paragraph 4 of the Third Amended Complaint, Defendant Mukai admits that he is a citizen of the State of Hawaii and a partner in the law firm McCorriston Miller Mukai MacKinnon LLP, a limited liability law partnership ("the McCorriston firm"). Defendant Mukai also admits that he has served as a director of Sports Shinko (Mililani) Co., Ltd. and Sports Shinko (Hawaii), Co., Ltd., and that he has provided legal services to Sports Shinko (Mililani) Co., Ltd. Defendant Mukai denies that he was a director of Sports Shinko (Mililani) Co., Ltd. or Sports Shinko (Hawaii) Co., Ltd. at the time of the transactions underlying Plaintiff's Third Amended Complaint, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## JURISDICTION

5.    Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 5 and 6 of the Third Amended Complaint.

## GENERAL ALLEGATIONS

6.    Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Third Amended Complaint.

7.    In response to paragraph 8 of the Third Amended Complaint, Defendant Mukai objects to Plaintiff's use of the term "insiders" in this paragraph and throughout the Third Amended Complaint. Defendant Mukai denies that he was involved in the business decisions made by and on behalf of Sports Shinko (Mililani) Co., Ltd. underlying Plaintiff's Third Amended Complaint.  Defendant Mukai admits that the individuals identified in paragraph 8 have served as officers and/or directors of Sports Shinko (Mililani) Co., Ltd.  Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

8.    In response to paragraph 9 of the Third Amended Complaint, Defendant Mukai admits that Sports Shinko (Mililani) Co., Ltd. purchased the Mililani Golf Club and other real property in approximately 1986.  Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

9.    In response to paragraph 10 of the Third Amended Complaint, Defendant Mukai states that the allegations are so vague that they cannot be answered with specificity.  Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the allegations.

10.    Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Third Amended Complaint.

## THE RCC'S ATTEMPTS TO COLLECT ON DEBT

11.    Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 12, 13, 14 and 15 of the Third Amended Complaint.

12.    Defendant Mukai objects to Plaintiff's use of the term "insiders," and denies the allegations set forth in paragraph 16 of the Third Amended Complaint insofar as they are directed at him.  Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## RETAINING MANGEMENT OVER DEBTOR

13.    Defendant Mukai denies the allegations set forth in paragraph 17 of the Third Amended Complaint.

14.    Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 18 and 19 of the Third Amended Complaint.

15.    With regard to the allegations set forth in paragraphs 20 and 21 of the Third Amended Complaint, Defendant Mukai admits that the

McCorriston firm may have drafted an option to purchase the stock of Resort Management Services (Hawaii), Inc. Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

16. Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Third Amended Complaint.

17. Defendant Mukai objects to Plaintiff's use of the term "insiders," and denies the allegations set forth in paragraph 23 of the Third Amended Complaint insofar as they relate to him. Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

18. In response to paragraph 24 of the Third Amended Complaint, Defendant Mukai objects to Plaintiff's use of the term "insiders." Defendant Mukai admits that the McCorriston firm represented Sports Shinko (Mililani) Co., Ltd. in connection with management agreements between Sports Shinko (Mililani) Co., Ltd. and Resort Management Services (Hawaii), Inc. Defendant Mukai denies that he implemented any such agreement, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

19.    In response to paragraph 25 of the Third Amended Complaint, Defendant Mukai states that any such Management Agreements speak for themselves.  Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

20.    Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Third Amended Complaint.

21.    Defendant Mukai objects to Plaintiff's use of the term "insiders," and denies the allegations set forth in paragraph 27 of the Third Amended Complaint insofar as they are directed at him.  Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

22.    Defendant Mukai objects to Plaintiff's use of the term "insiders," and denies the allegations set forth in paragraph 28 of the Third Amended Complaint.

## MAINTAINING OWNERSHIP OF DEBTOR

23.    Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Third Amended Complaint.

24.    Defendant Mukai objects to Plaintiff's use of the term "insiders," and denies the allegations set forth in paragraph 30 of the Third Amended Complaint insofar as they relate to him.    Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

25.    Defendant Mukai denies the allegations set forth in paragraph 31 of the Third Amended Complaint.

26.    Defendant Mukai objects to Plaintiff's use of the term "insiders," and denies the allegations set forth in paragraph 32 of the Third Amended Complaint insofar as they relate to him.    Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

27.    Defendant Mukai objects to Plaintiff's use of the term "insiders," denies the allegations set forth in paragraphs 33 and 34 of the Third Amended Complaint insofar as they relate to him, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

28.    Defendant Mukai denies the allegations set forth in paragraph 35 of the Third Amended Complaint.

29.    In response to paragraph 36 of the Third Amended Complaint, Defendant Mukai admits that in a letter dated December 4, 2001, Wayne Tanigawa, Chief Financial Officer of Kobayashi Group wrote to Sports Shinko Hawaii expressing interest in acquiring certain properties. The letter speaks for itself.  Defendant Mukai admits that he is acquainted with Bert Kobayashi but denies the remaining allegations.

30.    Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Third Amended Complaint.

31.    In response to paragraph 38 of the Third Amended Complaint, Defendant Mukai objects to Plaintiff's use of the term "insiders," and denies the allegations insofar as they relate to him.  Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

32.    In response to paragraph 39 of the Third Amended Complaint, Defendant Mukai objects to Plaintiff's use of the term "insiders," and denies the allegations insofar as they relate to him.  Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

33.    Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Third Amended Complaint.

## PURCHASE AND SALE AGREEMENT

34.    In response to paragraph 41 of the Third Amended Complaint, Defendant Mukai objects to Plaintiff's use of the term "insiders," and admits that a Purchase and Sale Agreement was signed on January 15, 2002 and that the document speaks for itself.  Defendant Mukai admits that the McCorriston firm provided legal services to the sellers in connection with the Purchase and Sale Agreement.   Defendant Mukai denies that he was requested or retained to advise the sellers on the business aspects of the transaction, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

35.    In response to paragraphs 42, 43 and 44 of the Third Amended Complaint, Defendant Mukai objects to Plaintiff's use of the term "insiders," and denies the allegations insofar as they relate to him. Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

36.   Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Third Amended Complaint.

37.   Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Third Amended Complaint.

38.   In response to paragraph 47 of the Third Amended Complaint, Defendant Mukai asserts that any such deed speaks for itself, and denies that he was requested or retained to advise Sports Shinko (Pukalani) Co., Ltd. on the business aspects of the transaction.  Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

39.   Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Third Amended Complaint.

40.   In response to paragraph 49 of the Third Amended Complaint, Defendant Mukai admits that in approximately March 2002 he met with a person identified as the Deputy Trustee In Bankruptcy for Sports Shinko Co., Ltd.  Defendant Mukai objects to Plaintiff's use of the term "insiders," and denies responding inappropriately to any inquiries by or on

behalf of the Deputy Trustee.   Defendant Mukai denies the remaining allegations insofar as they are directed at him and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## CLAIMS FOR RELIEF
## COUNT I:  Haw.Rev.Stat. § 651C-5(a)
**(KG Holdings, KG Mililani)**

41.   In response to paragraph 50 of the Third Amended Complaint, Defendant Mukai repeats and incorporates by reference his previous answers.

42.   Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 51 and 52 of the Third Amended Complaint.

## COUNT II:  Haw.Rev.Stat. § 651C-4
**(KG Holdings, KG Mililani)**

43.   In response to paragraph 53 of the Third Amended Complaint, Defendant Mukai repeats and incorporates by reference his previous answers.

44.   Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 54 and 56 of the Third Amended Complaint.

45.    In response to paragraph 55 of the Third Amended Complaint, Defendant Mukai objects to Plaintiff's use of the term "insiders," and denies the allegations set forth in paragraphs 55(c) and 55(d) insofar as they are directed at him, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

### COUNT III:  Aiding and Abetting/Conspiracy to Violate Haw.Rev.Stat. Ch. 651C (Insiders, KG Holdings, KG Mililani)

46.    In response to paragraph 57 of the Third Amended Complaint, Defendant Mukai repeats and incorporates by reference his previous answers.

47.    Defendant Mukai denies the allegations set forth in paragraphs 58, 59 and 62 of the Third Amended Complaint insofar as they are directed at him.  Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

48.    Defendant Mukai objects to Plaintiff's use of the term "insiders," and denies the allegations set forth in paragraphs 60 and 61 insofar as they are directed at him.  Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## COUNT IV:  Breach of Fiduciary Duty
### (Mukai)

49.    In response to paragraph 63 of the Third Amended Complaint, Defendant Mukai repeats and incorporates by reference his previous answers.

50.    In response to paragraph 64 of the Third Amended Complaint, Defendant Mukai admits that at certain times and as to certain matters he had a lawyer-client relationship with Sports Shinko (Mililani) Co., Ltd. and for a certain period served as a director of that company. Defendant Mukai also admits that as to certain matters and at certain times he had a lawyer-client relationship with Sports Shinko (U.S.A.) Co., Ltd. Defendant Mukai denies the remaining allegations.

51.    Defendant Mukai objects to Plaintiff's use of the term "insiders," and denies the allegations set forth in paragraph 65 of the Third Amended Complaint.

52.    Defendant Mukai denies the allegations set forth in paragraph 66 of the Third Amended Complaint.

## COUNT V:  Aiding and Abetting Breach of/Conspiracy to Breach Fiduciary Duties
### (Mukai, KG Mililani, KG Holdings)

53.    In response to paragraph 67 of the Third Amended Complaint, Defendant Mukai repeats and incorporates by reference his previous answers.

54.    Defendant Mukai objects to Plaintiff's use of the term "insiders," and denies the allegations set forth in paragraphs 68 and 69 of the Third Amended Complaint insofar as they are directed at him. Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

55.    Defendant Mukai objects to Plaintiff's use of the term "insiders," and denies the allegations set forth in paragraphs 70 and 71 of the Third Amended Complaint.

56.    Defendant Mukai objects to Plaintiff's use of the term "insiders," and denies the allegations set forth in paragraphs 72 and 73 of the Third Amended Complaint insofar as they are directed at him. Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

57.   Defendant Mukai objects to Plaintiff's use of the term "insiders," and denies the allegations set forth in paragraph 74 of the Third Amended Complaint.

58.   Defendant Mukai denies the allegations set forth in paragraph 75 of the Third Amended Complaint insofar as they are directed at him.  Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## COUNT VI:  Deepening Insolvency
### (Mukai)

59.   In response to paragraph 76 of the Third Amended Complaint, Defendant Mukai repeats and incorporates by reference his previous answers.

60.   Defendant Mukai objects to Plaintiff's use of the term "insiders," and denies the allegations set forth in paragraph 77 of the Third Amended Complaint.

61.   Defendant Mukai objects to Plaintiff's use of the term "insiders," and denies the allegations set forth in paragraph 78 of the Third Amended Complaint insofar as they are directed at him.  Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

62.    Defendant Mukai denies the allegations set forth in paragraphs 79, 80 and 81 of the Third Amended Complaint.

## COUNT VII:  Attorneys' Frees (Third Party Litigation exception)
### (Mukai, KG Holdings, KG Mililani)

63.    In response to paragraph 82 of the Third Amended Complaint, Defendant Mukai repeats and incorporates by reference his previous answers.

64.    Defendant Mukai denies the allegations set forth in paragraph 83 of the Third Amended Complaint insofar as they are directed at him.  Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## COUNT VIII: Rescission
### (KG Mililani)

65.    In response to paragraph 84 of the Third Amended Complaint, Defendant Mukai repeats and incorporates by reference his previous answers.

66.    Defendant Mukai objects to Plaintiff's use of the term "insiders," and denies the allegations set forth in paragraphs 85, 86, 87, 89 and 90 of the Third Amended Complaint insofar as they are directed at him. Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

67.    Defendant Mukai denies the allegations set forth in paragraph 88 of the Third Amended Complaint.

68.    Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Third Amended Complaint.

## COUNT IX: Creditor Fraud
### (Mukai)

69.    In response to paragraph 92 of the Third Amended Complaint, Defendant Mukai repeats and incorporates by reference his previous answers.

70.    Defendant Mukai denies the allegations set forth in paragraphs 93, 94 and 95 of the Third Amended Complaint.

71.    Defendant Mukai objects to Plaintiff's use of the term "insiders," and denies the allegations set forth in paragraph 96 of the Third Amended Complaint insofar as they are directed at him.  Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

72.    Defendant Mukai denies the allegations set forth in paragraph 97 of the Third Amended Complaint.

## <u>COUNT X: UNJUST ENRICHMENT</u>
## (KG HOLDINGS and KG MILILANI)

73.   In response to paragraph 98 of the Third Amended Complaint, Defendant Mukai repeats and incorporates by reference his previous answers.

74.   Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 99, 100 and 101 of the Third Amended Complaint.

## <u>Punitive Damages</u>
## (All Defendants)

75.   In response to paragraph 102 of the Third Amended Complaint, Defendant Mukai repeats and incorporates by reference his previous answers.

76.   Defendant Mukai denies the allegations set forth in paragraphs 103 and 104 of the Third Amended Complaint insofar as they are directed at him.  Defendant Mukai is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## <u>AFFIRMATIVE DEFENSES</u>

1.   Defendant Mukai asserts the affirmative defense of statute of limitations.

2.     Defendant Mukai asserts the affirmative defense of estoppel.

3.     Defendant Mukai asserts the affirmative defense of waiver.

4.     Defendant Mukai asserts the affirmative defense of unclean hands.

5.     Defendant Mukai asserts that Plaintiff's claims are barred by fraud.

6.     Defendant Mukai asserts that Plaintiff's claims are barred by the doctrine of *in pari delicto*.

7.     Defendant Mukai asserts the affirmative defense of misrepresentation.

8.     Defendant Mukai asserts the affirmative defense of comparative fault.

9.     Defendant Mukai asserts the affirmative defense of laches.

10.    Defendant Mukai asserts the affirmative defense of lack of standing.

11.    Defendant Mukai asserts that Plaintiff is not the real party in interest to the claims asserted.

12.     Defendant Mukai asserts the affirmative defense of ratification.

13.     Defendant Mukai asserts the affirmative defense of acquiescence.

14.     Defendant Mukai asserts that Plaintiff has failed to join indispensable parties.

15.     Defendant Mukai asserts the affirmative defense of lack of subject matter jurisdiction.

16.     Defendant Mukai asserts the affirmative defense of privilege.

17.     Defendant Mukai asserts the affirmative defense of immunity.

18.     Defendant Mukai asserts the affirmative defense of Plaintiff's failure to mitigate damages.

19.     Defendant Mukai asserts the affirmative defense of affirmation.

20.     Defendant Mukai asserts the affirmative defense that Plaintiff's claims are barred by the "sole owner" rule.

21.   Defendant Mukai asserts that Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted against Defendant Mukai.

WHEREFORE, Defendant Mukai prays as follows:

A.   That the Third Amended Complaint against him be dismissed and that he be awarded attorneys' fees and costs;

B.   That any recovery by Plaintiff be reduced in the amount of the consideration paid or, if greater, by the amount agreed upon by and between Plaintiff and any settling tortfeasor; and

C.   That he have such other and further relief as this Court deems just and equitable.

DATED:  Honolulu, Hawaii, January 29, 2007.


                    /s/ John Reyes-Burke
                    WILLIAM A. BORDNER
                    JOHN REYES-BURKE
                    Attorneys for Defendant
                    FRANKLIN K. MUKAI