IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO CO., LTD.,<br>    Plaintiff,<br>vs.<br>QK HOTEL, LLC, et al.,<br>    Defendants,<br>and<br>FRANKLIN K. MUKAI,<br>    Third-Party Plaintiff,<br>vs.<br>SPORTS SHINKO (USA) CO., LTD., et al.,<br>    Third-Party Defendants,<br>and<br>SPORTS SHINKO (HAWAII) CO., LTD., et al.,<br>    Third-Party Defendants/<br>    Counterclaimants,<br>vs.<br>QK HOTEL, LLC, et al.,<br>    Third-Party Counterclaim Defendants.<br>AND CONSOLIDATED CASES | CV 04-00124 ACK-BMK<br>CV 04-00125 ACK-BMK<br>CV 04-00126 ACK-BMK<br>CV 04-00127 ACK-BMK<br>CV 04-00128 ACK-BMK<br><br>CONSOLIDATED CASES<br><br>DECLARATION OF<br>ROBERT A. MARKS |

<u>DECLARATION OF ROBERT A. MARKS</u>

Pursuant to 28 U.S.C. § 1746, ROBERT A. MARKS states as follows:

1.    I am an attorney licensed to practice law before this court.

2. I am counsel for the following defendants in the captioned consolidated actions: Kiahuna Golf Club, LLC, KG Kauai Development, LLC, Pukalani Golf Club, LLC, KG Maui Development, LLC, Mililani Golf Club, LLC, QK Hotel, LLC, OR Hotel, LLC, and KG Holdings, LLC (collectively, "KG Parties").

3. Exhibits 17, 19, 20, 20.1, 25, 26, 27, 27.1, 28 and 29 (describe below) consist of documents produced by third parties that the Sports Shinko Companies assert contain its "confidential" information. Accordingly, these exhibits were produced as "confidential" documents under the Stipulated Protective Order filed herein on January 25, 2005. Under an arrangement between counsel, it is incumbent upon counsel for the Sports Shinko Companies to take appropriate steps to file Exhibits 17, 19, 20, 20.1, 25, 26, 27, 27.1, 28 and 29 under seal if they wish them to be so filed, and the KG parties will cooperate in that effort. The KG parties will insert fly sheets for these exhibits in the public record filing, indicating they are being filed under seal. The KG parties will serve the Court's chambers and counsel with full, unredacted copies of these exhibits. Discussion of these "confidential" exhibits in the body of the memorandum of law filed herewith are redacted so the Sports Shinko Companies can take appropriate steps to safeguard their confidentiality interests.

4. Attached and marked Exhibit 17 is a true and correct copy of a Unanimous Written Consent of the Board of Directors of Sports Shinko (USA) Co., Ltd. dated May 24, 2002 and Unanimous Written Consent of the Shareholders of Sports Shinko (USA) Co., Ltd. dated May 24, 2002 produced by Katron Group, Inc. pursuant to subpoena in these consolidated actions. Assuming the Sports Shinko Companies take appropriate steps to protect their confidentiality interests with respect to this exhibit, this exhibit will be filed in the public record under seal.

5. Attached and marked Exhibit 18 is a true and correct copy of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances; (B) Approving a Backup Credit Bid; and (C) Establishing Procedures and Deadlines for Asserting Claims Against the Proceeds of the Sale (without exhibits), in the jointly administered bankruptcy cases of Sports Shinko (Florida) Co., Ltd. and related companies, filed in the Bankruptcy Court for the Middle District of Florida, Tampa Division., Case Nos. 02-0289408C7 and others on June 27, 2002.

6. Attached and marked Exhibit 19 is a true and correct copy of certain e-mails produced by Katron Group, Inc. pursuant to subpoena in these consolidated actions bearing bates nos. CB001302-03. Assuming the Sports Shinko Companies take appropriate steps to protect their confidentiality interests with respect to this exhibit, this exhibit will be filed in the public record under seal.

7.Attached and marked Exhibit 20 is a true and correct copy of certain e-mails produced by Grant Thornton LLP pursuant to subpoena in these consolidated actions bearing bates nos. GT34423-24 and GT036787.  Assuming the Sports Shinko Companies take appropriate steps to protect their confidentiality interests with respect to this exhibit, this exhibit will be filed in the public record under seal.

8.Attached and marked Exhibit 20.1 is a true and correct copy of certain e-mails produced by Grant Thornton LLP pursuant to subpoena in these consolidated actions bearing bates nos. GT032992-94, GT032999 and GT03013.  Assuming the Sports Shinko Companies take appropriate steps to protect their confidentiality interests with respect to this exhibit, this exhibit will be filed in the public record under seal.

9.Attached and marked Exhibit 21 is a true and correct copy of a certified copy of a Certificate of the Secretary of State of the State of West Virginia dated January 30, 2007.

10.Attached and marked Exhibit 22 is a true and correct copy of certified documents received from the California Secretary of State concerning the corporate registration in California of Sports Shinko (USA) Co., Ltd.  Upon information and belief, Exhibit 22 constitutes all the corporate registrations of

4

Sports Shinko (USA) Co., Ltd. in California between May 24, 2002 and November 20, 2006.

11. Attached and marked Exhibit 23 is a true and correct copy of a certified copy of the Annual Report of Sports Shinko (USA) Co., Ltd. filed with the Delaware Secretary of State, dated August 2, 2005.

12. Attached and marked Exhibit 24 is a true and correct copy of 1) a certified copy of the Annual Report of Sports Shinko (USA) Co., Ltd. filed with the Delaware Secretary of State on July 26, 2002, and 2) certified copy of the Annual Report of Sports Shinko (USA) Co., Ltd. filed with the Delaware Secretary of State on June 12, 2003.

13. Attached and marked Exhibit 25 is a true and correct copy of certain e-mails produced by Grant Thornton LLP pursuant to subpoena in these consolidated actions bearing bates nos. GT036459-60, GT036372-73, GT033891 and GT036158. Assuming the Sports Shinko Companies take appropriate steps to protect their confidentiality interests with respect to this exhibit, this exhibit will be filed in the public record under seal.

14. Attached and marked Exhibit 26 is a true and correct copy of certain e-mails and invoices produced by Grant Thornton LLP pursuant to subpoena in these consolidated actions bearing bates nos. GT036049-50, GT035981, GT035983, GT035978, GT035980, GT035984 and GT035986-91. Assuming the

Sports Shinko Companies take appropriate steps to protect their confidentiality interests with respect to this exhibit, this exhibit will be filed in the public record under seal.

15. Attached and marked Exhibit 27 is a true and correct copy of certain e-mails produced by Grant Thornton LLP pursuant to subpoena in these consolidated actions bearing bates nos. GT033674-75 and GT033194-96. Assuming the Sports Shinko Companies take appropriate steps to protect their confidentiality interests with respect to this exhibit, this exhibit will be filed in the public record under seal.

16. Attached and marked Exhibit 27.1 is a true and correct copy of a letter from Grant Thornton's Hawaii office to SS-USA (c/o Steven N. Iwamura) dated November 26, 2003 and enclosure, which was produced by Grant Thornton LLP pursuant to subpoena in these consolidated actions bearing bates nos. GT033778-82. Assuming the Sports Shinko Companies take appropriate steps to protect their confidentiality interests with respect to this exhibit, this exhibit will be filed in the public record under seal.

17. Attached and marked Exhibit 28 is a true and correct copy of a certain e-mails produced by Thomas Hayes pursuant to subpoena in these consolidated actions bearing bates nos. T011132 and a true and correct copy of a certain e-mail produced by Grant Thornton LLP pursuant to subpoena in these consolidated

6

actions bearing bates no. GT033662. Assuming the Sports Shinko Companies take appropriate steps to protect their confidentiality interests with respect to this exhibit, this exhibit will be filed in the public record under seal.

18. Attached and marked Exhibit 29 is a true and correct copy of a bank statement produced by Grant Thornton LLP pursuant to subpoena in these consolidated actions bearing bates no. GT014332, and a correlating Grant Thornton workpaper produced by Grant Thornton LLP pursuant to subpoena in these consolidated actions bearing bates no. GT014330. Assuming the Sports Shinko Companies take appropriate steps to protect their confidentiality interests with respect to this exhibit, this exhibit will be filed in the public record under seal.

19. Attached and marked Exhibit 30 is a true and correct copy of excerpts of Defendant KG Holdings, LLC's Request for Answers to Interrogatories, Request for Admissions and Request for Production of Documents to Plaintiff Sports Shinko (USA) Co., Ltd., dated August 31, 2005 ("KG Discovery Request"). This is produced so the record is complete and includes the operative definitions with respect to the Sports Shinko (USA) Co., Ltd.'s answer to KG's Discovery Request, attached as Exhibit 16 to the Motion.

20. To the best of my knowledge and belief, SS-USA has never filed for bankruptcy or been the subject of any other type of insolvency proceeding.

21. Upon information and belief, the principals and/or officers of Katron Group, Inc., referred to in the declaration of Lucinda Brown attached to Sports Shinko Companies' Memorandum in Opposition to this Motion are Lucinda Brown and Ronald W. Thompson.  SS-USA sued Mr. Thompson in California. See Ex. 13 to Motion.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, February 1, 2007.

    /s/ Robert A. Marks
ROBERT A. MARKS