RAM

---

| From: | RAM |
|---|---|
| Sent: | Tuesday, September 12, 2006 1:11 PM |
| To: | 'Glenn Melchinger (gmelchinger@ahfi.com)' |
| Cc: | 'tanigawa@kghawaii.com' |
| Subject: | KG v. SS |

Glenn -

In its May 13, 2005 response to Defendants OR Hotel LLC, et al. First Request for Admissions, etc., in response to Request for Admission No 31, SS-Japan and SS-USA state that they "admit that certain Maui real property was not transferred on [January 25, 2002] due to errors in the property descriptions provided by the title company that were used to create the deeds."

Since there is apparently no dispute that the "Property" (as defined in the First Amended Complaint in the Maui litigation) should have been conveyed by Sports Shinko (Pukalani) Co., Ltd. to KG Maui Development LLC with the other properties conveyed in the January 25, 2002 deed, is your client now willing to sign a correction deed and convey the "Property" to KG Maui Development LLC? KG have never received a response to Ted Pettit's earlier inquiries to this effect.

If your clients agree to convey the Property, the KG entities have no objection to the "Property" being subject to your clients' federal claims (to the same extent any of the conveyed lands are subject to the federal claims and without prejudice to the pending federal lis pendens expungement motion). This will allow the termination of the state court litigation and the resolution of the Maui land dispute consistent with your clients' earlier concession.

Regards,
Bob

--
No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.1.407 / Virus Database: 268.12.12/462 - Release Date: 10/3/2006

Exhibit 35

10/5/2006

```
 1                IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

 2                            STATE OF HAWAII

 3   _____
                                      )
 4   KG HOLDINGS, LLC, a Hawaii       ) 1
     limited liability company, and   )
 5   KG MAUI DEVELOPMENT, LLC, a      )
     Hawaii limited liability company,)
 6                                    )
                   Plaintiffs,        )
 7                                    )
              vs.                     ) Civil 06-1-0223(3)
 8                                    )
     SPORTS SHINKO (HAWAII) CO., LTD.,)
 9   a Hawaii corporation and SPORTS  )
     SHINKO (PUKALANI) CO., LTD., a   )
10   Hawaii corporation,              )
                                      )
11                 Defendants.        )
                                      )
12   _____)

13                     TRANSCRIPT OF PROCEEDINGS

14   before the HONORABLE Joseph E. Cardoza, Circuit Court

15   Judge, presiding on Wednesday, October 18, 2006.

16

17   APPEARANCES:

18   ROBERT A. MARKS, Esq.         Attorney for the Plaintiffs
     707 Richards St., Suite 728
19   Honolulu, HI 96813

20   GLENN T. MELCHINGER, Esq.     Attorney for the Defendants
     ASB TOWER
21   1001 Bishop St., 18th Floor
     Honolulu, HI 96813
22

23

24

25


              JAMES M. LINDSAY, RMR, CSR 304
                  Official Court Reporter
                     State of Hawaii
```

EXHIBIT K

1       We filed the summary judgment motion in this
2  case and would like to argue it at the same time as the
3  dispositive motion by the Sports Shinko parties for a very
4  simple reason, and that is that the court has clear
5  choices to make in this case.  It should be heard at the
6  same time for the reason that cross-dispositive motions
7  are routinely heard together, and that is that the court
8  has the widest array of options available.
9       I don't think there really is a scenario in
10 which this case is one that needs to be tried.  It seems
11 to me that there's our summary judgment motion and there's
12 Sports Shinko's motion to dismiss or for stay, and by
13 having both motions queued up at the same time, your
14 Honor, you are given a clear option of which way to
15 proceed.
16      There is no dispute that the title to this
17 Maui property is currently vested in Sports Shinko and the
18 only reason that is so is due to a mistake of the parties.
19 It is hard to fathom why Sports Shinko even wants to
20 litigate this case frankly in light of our proposal to
21 make the property subject to the federal claims.
22      Title issues, your Honor, are the bread and
23 butter of the circuit court's jurisdiction.  This court
24 has jurisdiction over the parties and over the subject
25 matter.  The dispute is fairly and properly before this

JAMES M. LINDSAY, RMR, CSR 304
Official Court Reporter
State of Hawaii

```
 1
 2
 3
 4                    C E R T I F I C A T E
 5
 6
 7
 8        I, JAMES M. LINDSAY, an Official Court Reporter
 9   of the Circuit Court of the Second Circuit, State of
10   Hawaii, do hereby certify that the foregoing pages
11   comprise a full, true and correct transcript of the
12   proceedings had in connection with the above-entitled
13   cause.
14
15        Dated this 19th day of October, 2006.
16
17                    _____
                      JAMES M. LINDSAY, RMR-CSR No. 304
18                    Official Court Reporter
19
20
21
22
23
24
25
```